# IN THE COURT OF APPEALS OF IOWA

No. 14-1965
Filed March 11, 2015

**IN THE INTEREST OF D.H.,**
    **Minor Child,**

**H.K., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Polk County, Joseph Seidlin, District Associate Judge.


A mother appeals from the order terminating her parental rights. **AFFIRMED.**


Meegan Keller, Altoona, for appellant.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, John P. Sarcone, County Attorney, and Amanda Johnson, Assistant County Attorney, for appellee.

Michelle Saveraid of Youth Law Center, Des Moines, attorney and guardian ad litem for minor child.


Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**MCDONALD, J.**

Heather appeals from the order terminating her parental rights to her son. She contends the statutory grounds for termination are not supported by clear and convincing evidence, the court improperly relied on evidence of a contested positive drug test after stating it would not rely on said test, and termination is not in the child's best interests because of the parent-child bond.

I.

We review de novo proceedings terminating parental rights. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). We examine both the facts and law, and we adjudicate anew those issues properly preserved and presented. *See In re L.G.*, 532 N.W.2d 478, 480 (Iowa Ct. App. 1995). We give weight to the findings of the juvenile court, especially concerning the credibility of witnesses, but we are not bound by them. *See id.* at 480-81. While giving weight to the findings of the juvenile court, our statutory obligation to review termination proceedings de novo means our review is not a rubber stamp of what has come before. We will thus uphold an order terminating parental rights only if there is clear and convincing evidence supporting termination of the parent's rights. *See In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). Evidence is "clear and convincing" when there are no serious or substantial doubts as to the correctness of the conclusions of law drawn from the evidence. *See id.*

Termination of parental rights under Iowa Code chapter 232 (2013) follows a three-step analysis. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). First, the court must determine if a ground for termination under section 232.116(1) has

been established. *Id.* Second, if a ground for termination is established, the court must apply the framework set out in section 232.116(2) to decide if proceeding with termination is in the best interests of the child. *Id.* Third, if the statutory best-interests framework supports termination of parental rights, the court must consider if any statutory exceptions set forth in section 232.116(3) should serve to preclude termination. *Id.*

## II.

## A.

The court terminated Heather's parental rights pursuant to Iowa Code section 232.116(1)(d) and (h). When the court terminates on more than one statutory ground, we may affirm on any ground supported by the record. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). We focus on section 232.116(1)(h), which requires proof, among other things, that "the child cannot be returned to the custody of the child's parents . . . at the present time." That requirement is satisfied if the child cannot be returned to the custody of the parents at the time of the termination hearing. *See A.M.*, 843 N.W.2d at 110-11.

There is clear and convincing evidence that the child could not be returned to Heather at the time of the termination hearing. During the course of this proceeding, Heather was charged with burglary and ultimately pleaded guilty to burglary in the third degree arising out of an incident in which she broke into a woman's home and assaulted her. She tried to conceal the criminal case from the Department of Human Services. At the time of the termination hearing on September 9, 2014, there was an active warrant for Heather's arrest for violating

her probation on the burglary conviction and violating the no-contact order with the victim of the burglary. When asked about the violation during the termination hearing, Heather invoked her Fifth Amendment right to remain silent.

Beyond her criminal behavior, the record reflects that Heather has been unwilling or unable to overcome her substance use and abuse. By the time of the termination hearing, the mother had been using methamphetamine for approximately four years, with long periods of almost daily use. Heather has been in and out of treatment four or five times. She has had little success in remaining sober outside of a residential setting, stating her longest period of sobriety while living outside a treatment facility or halfway house was no more than three months. At the time of the termination hearing on September 9, Heather's plan was to enter a residential treatment program on September 17 for an indeterminate time; she could not have the child with her while there. She was thus unable to resume care of the child as of the time of the termination hearing.

Heather argues the court improperly terminated her parental rights by relying in part on the positive result from drug sweat patch that the court had expressly stated it would not consider. Heather contends reliance on the sweat patch was misplaced because a more accurate hair stat test had a negative result. We conclude the issue is not material. On our de novo review, we have not considered the challenged evidence or those portions of exhibits referring to the challenged evidence, and we arrive at the same conclusion as the juvenile court: termination pursuant to section 232.116(1)(h) is supported by clear and

convincing evidence, as noted above. *See In re Adkins*, 298 N.W.2d 273, 278 (Iowa 1980); *see also In re C.M.*, 526 N.W.2d 562, 565 (Iowa Ct. App. 1994) (finding any error in admitting evidence harmless when the challenged evidence was not considered on appeal).

B.

Heather also contends termination is not in the child's best interests because of the parent-child bond. *See* Iowa Code § 232.116(2), (3). She challenges the court's conclusion:

> While there may be a bond between mother and child, that bond has been significantly damaged over the course of the last two years, and the child has had to experience the trauma of a second removal. This is not the kind of bond between parent and child that should result in a denial of termination. To do so with a child this age and under these circumstances would subject him to further long-term uncertainty and instability. The Court declines to exercise this option.

Section 232.116(3)(c) provides the court may avoid termination if "there is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." The existence of a bond between Heather and the child is a factor that can weigh against termination, but the court may use its discretion in deciding whether to apply the factor to continue the parent-child relationship. *See A.M.*, 843 N.W.2d at 113. Our consideration is not merely whether there is a parent-child bond, "our consideration must center on whether the child would be disadvantaged by termination, and whether the disadvantage overcomes" Heather's inability to provide for the child's developing needs. *See D.W.*, 791 N.W.2d at 709; *see also*

Iowa Code § 232.116(2) (setting forth the factors in determining the child's best interests).

The narrative of Heather's adult life is substance use and abuse punctuated by brief interludes of forced sobriety. What is past is prologue. *See In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006) ("When making this decision, we look to the parent's past performance because it may indicate the quality of care the parent is capable of providing in the future."); *In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998) ("When the issue is a parent's drug addiction, we must consider the treatment history of the parent to gauge the likelihood that the parent will be in a position to parent the child in the foreseeable future."); *id.* ("Where the parent has been unable to rise above the addiction and experience sustained sobriety in a noncustodial setting, and establish the essential support system to maintain sobriety, there is little hope of success in parenting."). While Heather claims to love her child and claims to have a bond with him, she has not taken the steps necessary to parent him safely. Considering the child's long- and short-term best interests and any detriment to the child from severing the parent-child relationship, we conclude this discretionary exception does not serve to preclude termination under the circumstances before us. *See D.W.*, 791 N.W.2d at 707.

III.

For the foregoing reasons, we affirm the termination of Heather's parental rights.

**AFFIRMED.**