**In the Interest of L.G., a Minor Child, State of Iowa, Appellant.**

**No. 94–339.**

Court of Appeals of Iowa.

March 30, 1995.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Deputy Atty. Gen., Charles K. Phillips, Asst. Atty. Gen., and Rebecca A. Belcher, Asst. County Atty., for appellant.

David D. Mitchell, Cedar Rapids, for appellee minor child.

Carla Garrels Pearson of Pearson Law Office, Cedar Rapids, for appellee mother.

Ron Ricklefs of Ricklefs & Eganhouse, Cedar Rapids, for appellee father.

Heard by HAYDEN, P.J., and CADY and HUITINK, JJ.

CADY, Judge.

This is an appeal by the State from an order by the juvenile court adjudicating a child to be in need of assistance based on lack of supervision, but rejecting the State's additional ground for adjudication, physical abuse. The question presented is whether the state proved the mother inflicted multiple severe burns to her infant daughter with a steam iron. We find clear and convincing evidence to support the additional ground for adjudication of physical abuse, and remand the case for further dispositional hearing.

Gay is a single parent of two daughters. The youngest, Lacresha, was born December 8, 1992. The family resided in an apartment in Cedar Rapids. On August 16, 1993, around 12:30 a.m., Gay brought Lacresha to the emergency room of Mercy Medical Center. Lacresha was suffering from numerous burns on her back, neck, shoulder, and arm. Gay told hospital personnel she had been ironing on the floor next to a bed Lacresha

was in, and momentarily left the room. She then heard a thump and a scream. When she returned to the room, she discovered Lacresha lying near the iron with burns on her.

Two examining physicians from the emergency room did not find Gay's explanation believable. Police were called, and Lacresha was taken into the State's custody on an emergency basis. Lacresha was examined the following morning by her family physician. He also found it unlikely that the child's injuries were accidental.

A University of Iowa Hospitals social worker and child abuse investigator later examined photographs of the burns and other information. Based upon the number of burns, the amount of area burned and the orientation of the burns to each other, he concluded the injuries were not accidental. These individuals, together with two other physicians, presented testimony at the child in need of assistance adjudication hearing. Each testified they did not believe the injuries could have been caused accidentally.

Gay testified that she was alone in her apartment with her two daughters. The oldest was sleeping and Lacresha was playing on the bed. She placed the iron in the upright position near the bed when she left the room. When she returned, she observed Lacresha grasping at the bed covers with her legs under the bed. The iron was on its side. Gay promptly attended to Lacresha's burns and took her to the hospital. Several witnesses testified Gay was a good mother.

The juvenile court, relying primarily upon Gay's credibility, concluded the burns to Lacresha were not intentionally inflicted. The court adjudicated Lacresha in need of assistance pursuant to Iowa Code section 232.2(6)(c)(2) (1993), finding Lacresha had suffered harmful effects as a result of Gay's failure to exercise a reasonable degree of care in her supervision of Lacresha. The court ordered that Lacresha be returned to Gay.

The State's interlocutory appeal and request for stay of the return order was granted pending further disposition. Following a dispositional hearing, the juvenile court ordered that Lacresha be gradually reintegrated into Gay's home.

The State contends on appeal that the evidence supported a finding that Lacresha injuries were non-accidental. It claims she should have been adjudicated in need of assistance based upon a finding of physical abuse.

We begin our resolution of this case by considering the necessity of reaching the issue presented. Generally appellate courts confine their review to judicial action or inaction, not the reasons underlying the decision. *See State ex rel. Miller v. National Farmers Org.*, 278 N.W.2d 905, 906 (Iowa 1979). We affirm the trial court if one ground, properly urged, exists to support the decision. *Id.*

In this case, no challenge is made to the finding by the juvenile court that Gay failed to exercise reasonable care in supervising Lacresha, or that his finding was insufficient to support the child in need of assistance adjudication. *See* Iowa Code § 232.2(6)(c)(2). Thus, a proper ground supports the court's decision. Notwithstanding, we believe the state may properly raise the juvenile court's failure to base the adjudication on the additional ground of physical abuse or neglect under Iowa Code section 232.2(6)(b) (1993). The underlying grounds of adjudication in child in need of assistance cases have important legal implications beyond the adjudication. The grounds for adjudication may affect the course of the dispositional phase of the case, and may even be the basis for a subsequent proceeding for termination of a parent-child relationship. *See* Iowa Code §§ 232.116(1)(c), 232.2(6)(b). Much may be at stake. For that reason, we believe the issue is properly presented on appeal.

We next consider any constraints effecting our review. Appellate review of child in need of assistance cases is de novo. *In re B.B.*, 500 N.W.2d 9, 11 (Iowa 1993). We review the facts and law, and adjudicate once again those issues properly preserved and presented. *In re N.M.W.*, 461 N.W.2d 478, 480 (Iowa App.1990). At the same time, we are influenced by the favorable vantage point of the trial court, and give weight to its findings of fact. *See* Iowa R.App.P. 14(f)(7).

This weight is most notable with a finding involving the credibility of witnesses. *Id.* Our obligation to review the case anew, however, does not bind us to the findings of the trial court, even those involving the believability of witnesses. *Id.* Our paramount concern is the child's welfare and best interests. *In re N.M.W.*, 461 N.W.2d at 480.

We also examine the burden of proof. The state has the burden to prove the allegations of the petition by clear and convincing evidence. Iowa Code § 232.96 (1993). Clear and convincing evidence is more than a preponderance of the evidence and less than evidence beyond a reasonable doubt. *King v. King*, 291 N.W.2d 22, 24 (Iowa 1980). It means that there must be no serious or substantial doubt about the correctness of a particular conclusion drawn from the evidence. *Raim v. Stancel*, 339 N.W.2d 621, 624 (Iowa App.1983).

We begin our review of the facts by considering the evidence produced by the state. Five physicians and a medical social worker expressed their rather strong belief that the burns suffered by Lacresha could not have been accidental. Three of the physicians examined Lacresha at the hospital, including the emergency room physician and family doctor. Additionally, the director of the Burn Treatment Center at the University of Iowa Hospitals and a professor of Pediatrics at the University of Iowa Hospitals, who is a specialist in child abuse, reviewed the evidence in the case, including photographs of the injuries, medical records, and the history of the injuries given by Gay. Detailed reasoning accompanied the experts opinions. A common and important element of all the opinions was the positioning and angles of the burns.

The contact burns on Lacresha's back were inflicted at different angles, with one of the burns indicating the iron was pointing in the complete opposite direction from another burn. Moreover the five contact burns on Lacresha's back and head resulted from a fairly flat application of the surface of the iron, as opposed to a glancing contact. Some burns were very deep. The number and severity of the burns indicated they were inflicted over significant time periods. A caretaker would have quickly been alerted by crying and screaming. The non-contact burns in the shoulder area were caused by steam from the iron or from placing the surface of the iron very close to the skin. None of the experts believed Gay's explanation could account for all the burns.

The juvenile court relied extensively upon the credibility of Gay, as well as the witnesses who testified to her good parenting skills. It surmised a scenario consistent with Gay's version of the incident and contrary to the expert testimony.

While we acknowledge the testimony that Gay has been a good and caring parent in the past, we cannot ignore the inconsistencies in her version of the events. We believe these inconsistencies severely undermine the credibility of her testimony.

At trial, Gay estimated she could have been absent from the room for more than five minutes, and left to turn off a light and get some water for the iron. To the contrary, she told the emergency room personnel at the hospital that she left the room for only "a moment" to get more clothes. She later told a child abuse investigator she left the room only long enough to turn off a hall light just outside the room. Furthermore, despite questioning after the incident by medical staff, law enforcement, and an abuse investigator Gay never mentioned finding Lacresha's legs under the bed until trial.

A trier of fact is not bound to accept expert testimony, even if uncontradicted by other expert testimony. *Eickelberg v. Deere & Co.*, 276 N.W.2d 442, 447 (Iowa 1979). In our de novo review of the record, however, we find the expert testimony persuasive in view of the inconsistencies in Gay's version of the events. A pragmatic view of all the evidence supports a finding of physical abuse. We find by clear and convincing evidence that Lacresha was physically abused by Gay.

We reverse the juvenile court and find Lacresha in need of assistance under Section 232.2(6)(b). We remand the case to juvenile court for further disposition.

**REVERSED AND REMANDED.**