**IN THE COURT OF APPEALS OF IOWA**

No. 14-0545
Filed June 11, 2014

**IN THE INTEREST OF D.W.,**
        **Minor Child,**

**J.W., Father,**
        Appellant.
_____

        Appeal from the Iowa District Court for Clinton County, Phillip J. Tabor,

Associate Juvenile Judge.


        A father appeals from the order terminating his parental rights.

**AFFIRMED.**


        Nathan W. Tucker, Davenport, and Martha Cox, Bettendorf, for appellant.

        Julian Wyre, Greenville, Illinois, pro se appellant.

        Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant

Attorney General, Mike Wolf, County Attorney, and Cheryl Newport, Assistant

County Attorney, for appellee.

        Victoria Noel, Maquoketa, for mother.

        Edward Cross, Clinton, attorney and guardian ad litem for minor child.


        Considered by Danilson, C.J., and Potterfield and McDonald, JJ. Tabor,

J., takes no part.

**MCDONALD, J.**

Julian appeals an order terminating his parental rights to his child, D.W., pursuant to Iowa Code section 232.116(1)(b), (d), (e), (f), and (i) (2013). On appeal, he contends the juvenile court erred in determining sufficient grounds existed to terminate his parental rights. He contends the juvenile court should have entered an order deferring termination for an additional six years to allow him to reunite with the child upon his release from prison in 2020. We affirm the order terminating parental rights.

The child first came to the attention of the Iowa Department of Human Services in 2010 due to the mother's substance abuse and inability to supervise her five children. The child was adjudicated in need of assistance in April 2011. The family received services for a number of years, but the mother continued to use drugs and was unable to care for the children, who were removed from her custody. D.W. was placed with her grandmother. The legal father of D.W. was and is unable to care for the child because he is incarcerated. Julian, the biological father of D.W., was and is unable to care for D.W. because he is incarcerated and will not be discharged until 2020.

The matter came before the court on the State's petition to terminate parental rights on March 18, 2014. The mother, the legal father, and the biological father were served with notice of the hearing. The mother failed to appear. Neither father was present at the hearing. All had counsel present at the hearing. The State introduced evidence supporting termination without objection from Julian's counsel. Julian's counsel did not cross-examine any

witness. Further, Julian's counsel did not assert any resistance at the time of the hearing. On March 19, 2014, the juvenile court entered an order terminating the parental rights of the mother, the legal father, and Julian. Only Julian appeals.

Julian has not preserved error for our review:

Despite receiving notice of the termination proceedings, the father did not appear at the hearing. The father did not object to the evidence presented, offer evidence, or raise any issue before the district court. As a general rule, an issue not presented in the juvenile court may not be raised for the first time on appeal. Even issues implicating constitutional rights must be presented to and ruled upon by the district court in order to preserve error for appeal. Because the father did not present any evidence or lodge any objection alerting the juvenile court to his complaints, he has not preserved error for our review.

*In re C.T.*, No. 14-0243, 2014 WL 1714958, at *1 (Iowa Ct. App. Apr. 30, 2014) (quoting *In re P.S.*, No. 11–0516, 2011 WL 2714169, at *1 (Iowa Ct. App. Jul. 13, 2011)). Further, on appeal, Julian has not identified the statutory ground or grounds he challenges. *See Hyler v. Garner*, 548 N.W.2d 864, 870 (Iowa 1996) (stating that review is limited to those grounds actually challenged).

Even if Julian had preserved error, we conclude the appeal is without merit. We review de novo proceedings terminating parental rights. *See In re H.S.*, 805 N.W.2d 737, 745 (Iowa 2011). We examine both the facts and law, and we adjudicate anew those issues properly preserved and presented. *See In re L.G.*, 532 N.W.2d 478, 480 (Iowa Ct. App. 1995). We will uphold an order terminating parental rights only if there is clear and convincing evidence of grounds for termination. *See In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). Evidence is "clear and convincing" when there are no "serious or substantial

doubts as to the correctness [of] conclusions of law drawn from the evidence." *Id.*

After reviewing the record and applying the familiar three-step analysis, *see In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010), we conclude the order of the juvenile court should be affirmed. There is clear and convincing evidence supporting grounds for termination under Iowa Code section 232.116(1)(d), (e), (f), and (i). "When the juvenile court terminates parental rights on more than one statutory ground, we need only find grounds to terminate under one of the sections cited by the juvenile court to affirm." *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). There is no evidence that it would be in the child's best interest within the meaning of section 232.116(2) to maintain a parent-child relationship with Julian. Indeed, Julian does not identify any reason why it would be in the child's best interest to defer termination of his parental rights. Finally, none of the permissive statutory exceptions set forth in section 232.116(3) should serve to preclude termination of Julian's parental rights. This child need not wait for stability in her life until Julian is released from prison. *See In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987).

**AFFIRMED.**