## IN THE COURT OF APPEALS OF IOWA

No. 14-2133
Filed March 11, 2015

IN THE INTEREST OF M.T. and M.T.,
   Minor Children,

S.T., Mother,
   Appellant.

_____

Appeal from the Iowa District Court for Woodbury County, Julie Schumacher, District Associate Judge.

A mother appeals from the order terminating her parental rights. **AFFIRMED.**

Harold K. Widdison, of Harold K. Widdison, P.C., Sioux City, for appellant.

Thomas J. Miller, Attorney General, Kathryn Kae Lang, Assistant Attorney General, Patrick Jennings, County Attorney, and Jaymie A. Kirsch, Assistant County Attorney, for appellee.

Chad Thompson, of Thompson, Phipps & Thompson, Kinglsey, attorney and guardian ad litem for minor children.

Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**MCDONALD, J.**

The mother, Samantha, appeals from the order terminating her parental rights to her two children. She contends termination is not in the children's best interests and the court should have exercised its discretionary authority to decline termination based on the parent-child bond. We affirm the order terminating Samantha's parental rights.

I.

We review de novo proceedings terminating parental rights. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). We examine both the facts and law, and we adjudicate anew those issues properly preserved and presented. *See In re L.G.*, 532 N.W.2d 478, 480 (Iowa Ct. App. 1995). While giving weight to the findings of the juvenile court, our statutory obligation to review termination proceedings de novo means our review is not a rubber stamp of what has come before. We will thus uphold an order terminating parental rights only if there is clear and convincing evidence supporting termination of the parent's rights. *See In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). Evidence is "clear and convincing" when there are no serious or substantial doubts as to the correctness of the conclusions of law drawn from the evidence. *See id.*

Termination of parental rights under Iowa Code chapter 232 (2013) follows a three-step analysis. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). First, the court must determine if a ground for termination under section 232.116(1) has been established. *Id.* If, as here, a parent does not challenge the statutory grounds, we need not address them on appeal. *See id.* Second, if a ground for

termination is established, the court must apply the framework set out in section 232.116(2) to decide if proceeding with termination is in the best interests of the child. *Id.* Third, if the statutory best-interests framework supports termination of parental rights, the court must consider if any statutory exceptions set forth in section 232.116(3) should serve to preclude termination. *Id.*

## II.

Samantha has a long-term addiction to methamphetamine, having used it for eleven years at the time the children were removed from her care in September 2013. She reported daily use of methamphetamine and marijuana, sometimes spending as much as $200 per day on methamphetamine. Samantha also has been in a long-term, violent domestic relationship with her ex-husband, who is the father of at least one of the children at issue. In fact, the family first came to the attention of the Iowa Department of Human Services in June 2013 when the father violated a no-contact order and assaulted the mother, punching her in the stomach hard enough to make her vomit.

Samantha entered in-patient substance abuse treatment on September 13, 2013. Her two children were placed with her, but they were removed from her on October 23 after Samantha left treatment to return to her ex-husband. She left the children without a caretaker and without providing any information where she could be reached. Samantha and her ex-husband were both arrested in Nebraska on November 9 for domestic assault and disturbing the peace. Neither was present at the November 16 dispositional hearing because of their incarceration.

In December Samantha had another substance abuse evaluation and was diagnosed with amphetamine, cannabis, cocaine, and nicotine dependence. She tested positive for amphetamine, methamphetamine, and THC at that time. She admitted using methamphetamine three to six times per week. She was admitted to substance abuse treatment at that time, which she completed in January 2014. She moved into a halfway house and obtained employment. Even though she attended meetings to address her codependency issues with her ex-husband, she continued to struggle with that unhealthy relationship.

On February 18, 2014, the court issued its permanency order and gave Samantha an additional six months to pursue reunification. Among the requirements was successful completion of the halfway house program. Shortly after the permanency order was issued, Samantha was unsuccessfully discharged from the halfway house program because of contact with her ex-husband and generally "bringing chaos" to the halfway house. After her discharge from the halfway house, Samantha began participating in intensive outpatient treatment and began making progress.

In August 2014, the court continued the permanency review hearing to give Samantha time to obtain stable employment and housing and to participate in reunification services. Samantha relapsed shortly after being given the opportunity. On August 25, she tested positive for marijuana. She admitted to methamphetamine use. She was again seeing her ex-husband and using drugs with him.

In October, the State filed its petition to terminate parental rights. The court terminated Samantha's parental rights pursuant to Iowa Code section 232.116(1)(d), (h), (i), and (*l*). The court found Samantha had not been able to break the pattern of treatment followed by relapse "for any sustained period of time." Concerning Samantha's abusive and violent relationship with her ex-husband, the court found Samantha continued to see her husband throughout this proceeding. The court found Samantha "has been unable to maintain stable employment sufficient to support herself, let alone her children." During the course of these proceedings Samantha was without stable housing, essentially homeless. The court did recognize Samantha had been sober for seventy days at the time of the termination hearing, but the court did not find she was committed to sobriety, as evidenced by her repeated failures at rehabilitation. The court, considering the factors in section 232.116(2), found termination was in the children's' best interests. The court concluded "none of the circumstances set forth in Iowa Code section 232.116(3) are applicable to these proceedings.

III.

A.

Samantha first argues termination is not in the children's best interests. *See* Iowa Code § 232.116(2). When considering a child's best interests, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *See id.* We consider both the long-term and immediate interests. *See In re J.E.*, 723 N.W.2d 793, 798

(Iowa 2006). Insight into what the future likely holds for a child if returned to a parent is gained from evidence of the parent's past performance, because it may be indicative of the quality of future care the parent is capable of providing. *See In re A.B.*, 815 N.W.2d 764, 778 (Iowa 2012); *J.E.*, 723 N.W.2d at 798. We give substantial weight to case history records in assessing a parent's ability to provide care in the future. *See In re S.N.*, 500 N.W.2d 32, 34 (Iowa 1993). We conclude that termination of Samantha's parental rights serves the children's best interests.

Samantha's continued substance use and abuse places her children at risk. "[I]n considering the impact of a drug addiction, we must consider the treatment history of the parent to gauge the likelihood the parent will be in a position to parent the child in the foreseeable future." *In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998). "Where the parent has been unable to rise above the addiction and experience sustained sobriety in a noncustodial setting, and establish the essential support system to maintain sobriety, there is little hope of success in parenting." *Id.* Samantha has a long history of substance abuse, repeated treatment attempts followed by relapse, and only a brief recent period of sobriety. She has used in the presence of her children. In addition, her serious addiction places the children at risk. When the children were removed from her care, the family was homeless due to Samantha's inability to provide for them because of her addiction. This does not portend well.

Samantha has also failed to address the domestic violence issues in the family. *See In re S.O.*, 483 N.W.2d 602, 604 (Iowa 1992) (noting serious

emotional harm to child from violence in the home). By the time of the termination hearing, Samantha was only beginning to try to separate herself from her eight-year violent and abusive relationship with her ex-husband. The effects of observing the violence in the home are still apparent in at least the older child's life.

B.

Samantha also argues an exception to termination exists—that termination would be detrimental to the children because of the closeness of the parent-child relationship. *See* Iowa Code § 232.116(3)(c). She notes the children "get excited" to see her for visits. She points to evidence she acts appropriately during visitation and there were no safety concerns.

The statutory factors weighing against termination are permissive, not mandatory. *See In re D.S.*, 806 N.W.2d 458, 474-75 (Iowa Ct. App. 2011). The court has discretion, based on the unique circumstances of each case and the best interests of the child, to apply the factors in section 232.116(3) to save the parent-child relationship. *See A.M.*, 843 N.W.2d at 113. Our consideration is not merely whether there is a parent-child bond, "our consideration must center on whether the child would be disadvantaged by termination, and whether the disadvantage overcomes" the parent's inability to provide for the child's developing needs. *See D.W.*, 791 N.W.2d at 709; *see also* Iowa Code § 232.116(2) (setting forth the factors in determining the child's best interests).

We conclude there is no basis here for declining to terminate Samantha's parental rights. The children have been removed from her care for over one

year. She once abandoned them to use drugs with the father without leaving contact information. When she has exercised visitation with the children, it is only on a weekly basis for two hours per week. Any bond between the mother and these young children has been dissipated by her absence from their daily lives over a lengthy period of time. The children are doing well in their foster care placement. Considering the children's long- and short-term best interests and any detriment to them from severing the parent-child relationship, we conclude this discretionary exception does not serve to preclude termination under the circumstances before us. *See D.W.*, 791 N.W.2d at 707.

IV.

For the foregoing reasons, we affirm the termination of Samantha's parental rights.

**AFFIRMED.**