## IN THE COURT OF APPEALS OF IOWA

No. 15-0425
Filed July 9, 2015

**IN THE INTEREST OF J.S.,**
**T.M., B.M., and N.E.,**
    Minor Children,

**A.E., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Plymouth County, Robert J. Dull, District Associate Judge.

The mother appeals from an order terminating her parental rights to her four children. **REVERSED AND REMANDED.**

Robert B. Brock II of Law Office of Robert B. Brock II, P.C., Le Mars, for appellant.

Thomas J. Miller, Attorney General, Janet L. Hoffman, Assistant Attorney General, Darin J. Raymond, County Attorney, and Amy Oetken, Assistant County Attorney, for appellee.

Joseph Flannery of Law Office of Joseph W. Flannery, P.C., Le Mars, for father of N.E.

Judy Freking of Judy L. Freking, P.C., Le Mars, for father of T.M. and B.M.

Scott Bixenman of Murphy, Collins & Bixenman, P.C., Le Mars, for father of J.S.

Jim Bybee of Bybee Law Office, P.C., Le Mars, attorney and guardian ad litem for minor children.

Considered by Tabor, P.J., McDonald, J., and Eisenhauer, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MCDONALD, J.**

Arielle, the mother of J.S., T.M., B.M., and N.E., appeals from the order terminating her parental rights to the four children. The juvenile court terminated Arielle's rights to J.S., T.M., and B.M. pursuant to Iowa Code section 232.116(1)(d) (2013) and to N.E. pursuant to Iowa Code section 232.116(1)(d) and (h). On appeal, the mother contends the State failed to prove by clear and convincing evidence the statutory grounds authorizing the termination of her parental rights. We reverse the order terminating parental rights for two reasons. First, with respect to all of the children, the State failed to prove the grounds for termination pursuant to section 232.116(1)(d). Second, with respect to N.E., we are unable to determine from this record on what additional ground the State sought termination and on what additional ground the juvenile court actually relied.

I.

The Iowa Department of Human Services ("IDHS") provided voluntary services to Arielle and the three older children, J.S., T.M., and B.M., from January 2013 to November 2013. The three older children were removed from their mother's care in October 2013. The event precipitating removal was Arielle's methamphetamine use, which caused her to "foam[ ] at the mouth" and suffer seizures resulting in hospitalization. At that time, Arielle was twenty-seven weeks pregnant with N.E, who was born several months later in January 2014 and also removed from the mother's care.

On October 9, 2013, the State filed a "petition for children in need of assistance" alleging:

> 1. The children, [B.M. and T.M. and J.S.], are children in need of assistance and treatment pursuant to Code of Iowa §§ 232.2(6)(c)(1) and (2) and 232.2(6)(n) as follows:
>     a. Pursuant to Code of Iowa §232.2(6)(c)(1) and (2) "Who has suffered or is imminently likely to suffer harmful effects as a result of any of the following:
>         (1) Mental injury caused by the acts of the child's parent, guardian, or custodian.
>         (2) The failure of the child's parent, guardian, custodian, or other member of the household in which the child resides to exercise a reasonable degree of care in supervising the child."
>     b. Pursuant to Code of Iowa §232.2(6)(n) "Whose parent's or guardian's mental capacity or condition, imprisonment, or drug or alcohol abuse results in the child not receiving adequate care."

Following a hearing on November 1, the court issued its adjudication order. The court noted "the parties advised the Court that no resistance to adjudication was being offered and that the grounds therefore were being stipulated to." The court ordered, "The children are adjudicated Children In Need of Assistance as alleged in the State's Petition." Other than the reference to the State's petition, the juvenile court did not cite or refer to any code section in the adjudicatory order. The juvenile court also did not make any findings in support of the adjudication order. The court continued the children in the custody of IDHS for relative care placement. Following a hearing on January 3, 2014, the court issued its disposition order. The disposition order continued the children's placement with IDHS, ordered visitation at the discretion of IDHS in consultation with the guardian ad litem, ordered the mother to comply with substance abuse treatment recommendations and to submit to random drug testing, and ordered services/counseling/therapy for the children.

On January 14, 2014, the State petitioned to have newborn N.E. adjudicated in need of assistance on the same grounds as the older children, pursuant to code sections 232.2(6)(c)(1) and (2) and 232.2(6)(n). Following a hearing on January 14, the court issued its adjudication order. The court noted "no resistance to adjudication was being offered." The court took judicial notice of the CINA files of the three older siblings. The court adjudicated N.E. "a Child In Need of Assistance as alleged in the State's Petition." Other than the reference to the State's petition, the juvenile court did not cite to or refer to any code section in the adjudicatory order. The juvenile court also did not make any findings in support of the adjudication order.

At some point in January 2014 the children were returned to the mother's care while she was in an inpatient substance abuse treatment program. On April 28, IDHS again sought temporary removal of the children after the mother relapsed on methamphetamine and refused to return to the inpatient program. The juvenile court ordered the children removed from the mother's care. IDHS placed the three older children with their respective fathers and placed N.E. in family foster care. The mother continued to use methamphetamine.

On December 3, 2014, the State filed a petition for termination of parental rights (hereinafter "Petition"), which incorporated by reference IDHS's request for termination of parental rights (hereinafter "IDHS Request"). On the face of the Petition, the State sought to terminate Arielle's rights on the following grounds: "Grounds for Terminating the Parental Rights of [the mother] relating to [J.S., T.M., B.M., and N.E.] is based on Code of Iowa Section 232.116(1)(d) and

232.116(1)(*h*)—See Request for Termination of Parental Rights." (Emphasis added.)  The incorporated IDHS Request incorrectly stated the children had been adjudicated "pursuant to Code of Iowa §§ 232.2(6)(*b*), 232.2(6)(c), and 232.2(6)(n)" when the children were not adjudicated in need of assistance pursuant to section 232.2(6)(b)  (Emphasis added.)  The IDHS Request then stated, "Grounds for Terminating the Parental Rights of [the mother] in regards to [J.S., T.M., B.M., and N.E.] are based on the following Iowa Code Section 232.116(1)(d) and 232.116(1)(*h*)."  This statement matched the grounds for termination asserted in the Petition.  However, the IDHS Request then sets forth in full the language of the statutory provisions on which it relied, quoting paragraphs (d) (providing for termination where there is physical or sexual abuse or neglect and the circumstances continue to exist) and (*l*) (providing for termination where the parent's chronic substance abuse presents danger and the child cannot be returned within a reasonable time).  (Emphasis added.)

The juvenile court, following a contested hearing, terminated the mother's parental rights to all four children.  The court stated it terminated Arielle's rights to all four children pursuant to section 232.116(1)(d).  The court stated it terminated Arielle's rights in N.E. pursuant to section 232.116(1)(h) as well.  The mother timely filed this appeal.

II.

We review de novo proceedings terminating parental rights.  *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014).  We examine both the facts and law, and we adjudicate anew those issues properly preserved and presented.  *See In*

*re L.G.*, 532 N.W.2d 478, 480 (Iowa Ct. App. 1995). We will uphold an order terminating parental rights only if there is clear and convincing evidence supporting termination of the parent's rights. *See In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). Evidence is "clear and convincing" when there are no serious or substantial doubts as to the correctness of the conclusions of law drawn from the evidence. *See id.*

III.

A.

Arielle first challenges the sufficiency of the evidence supporting termination of her parental rights pursuant to section 232.116(1)(d). Under that provision, the State is required to prove, in relevant part:

> The court has previously adjudicated the child to be a child in need of assistance after finding the child to have been physically or sexually abused or neglected as the result of the acts or omissions of one or both parents, or the court has previously adjudicated a child who is a member of the same family to be a child in need of assistance after such a finding.

Iowa Code § 232.116(1)(d)(1). "Physically abused or neglected" is a statutorily defined term of art. *See In re J.S.*, 846 N.W.2d 36, 41 (Iowa 2014). "Within chapter 232, 'physical abuse or neglect' and 'abuse or neglect' mean 'any nonaccidental physical injury suffered by a child as the result of the acts or omissions of the child's parent, guardian, or custodian or other person legally responsible for the child.'" *Id.* (quoting Iowa Code § 232.2(42)). Generally, but not necessarily, a finding of physical or sexual abuse or neglect relates back to an adjudication pursuant to section 232.2(6)(b). *See id.*

Here, the children were adjudicated in need of assistance pursuant to section 232.2(6)(c)(1) and (2) and 232.2(6)(n). Paragraph (c)(1) requires a finding that the child "has suffered or is imminently likely to suffer harmful effects as a result of" "[m]ental injury caused by the acts of the child's parent, guardian, or custodian." Paragraph (c)(2) requires a finding that the child "has suffered or is imminently likely to suffer harmful effects as a result of" the parent's failure to "exercise a reasonable degree of care in supervising the child." "Harmful effects" means any type of harm to a child's "physical, mental, or social well-being." *In re J.S.*, 846 N.W.2d at 41-42. Section 232.2(6)(n) requires a finding that the child's parent's "mental capacity or condition, imprisonment, or drug or alcohol abuse results in the child not receiving adequate care." None of the statutory provisions under which the children were adjudicated in need of assistance *requires* a predicate finding of physical abuse or neglect or sexual abuse. That would not necessarily be fatal to the State's case if the juvenile court made findings of "physical abuse or neglect" or sexual abuse in adjudicating the children in need of assistance pursuant to these provisions. Here, however, the juvenile court made no such findings in the adjudication order. Instead, the juvenile court merely referred the State's CINA petition without citing to any code provision or making any findings.

In the absence of any findings the children were adjudicated in need of assistance after a finding of "physical abuse or neglect" or sexual abuse, there is insufficient evidence to support termination pursuant to paragraph (d).

B.

The juvenile court also terminated Arielle's rights with respect to the youngest child, N.E., on an additional ground. The termination order stated the grounds for terminating Arielle's rights in N.E. "have been proven pursuant to Iowa Code section 321.116(1)(d) and 232.116(1)(h)." In her appeal brief, Arielle contends the State failed to prove grounds for termination pursuant to section 232.116(1)(*l*). The State responds that the juvenile court actually terminated pursuant to paragraph (h) and thus termination pursuant to paragraph (h) is unchallenged on appeal. If the record were clearer, we would agree with the State. Under the unique facts and circumstances of this case, however, it is not clear on what grounds the State sought termination or on what grounds the juvenile court actually granted relief.

Here, the face of the Petition asserted paragraph (h) as the grounds on which the State sought to terminate Arielle's rights to all of her children. That provision authorizes termination of parental rights where "the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time." Iowa Code 232.116(1)(h)(4). That provision also applies only to a child three years of age or younger. *See* Iowa Code 232.116(1)(h)(1). Thus, the provision was facially inapplicable to three of the four children to which the State sought to have it applied. The Petition incorporated by reference the IDHS Request. The IDHS Request stated that termination was sought on the grounds that "the parent has a severe substance-related disorder and presents a danger to self or others as evidenced by prior acts," and that "the parent's prognosis

indicates that the child will not be able to be returned to the custody of the parent within a reasonable period of time considering the child's age and need for a permanent home." These are the grounds for termination set forth in section 232.116(1)(*l*).

The confusion in the State's petition regarding the ground upon which it sought termination of Arielle's parental rights was not subsequently clarified. During the termination hearing, there was no clarification of the grounds upon which the State sought relief. The only statement relating to the issue during the hearing was made by the assistant county attorney, who asked that the IDHS Request be given evidentiary consideration. The court granted the request. It appears the parties may have been litigating different issues without realizing it. Typically, we would expect clarification in the termination order. Here, the termination order explicitly cites paragraph (h) in its conclusion. However, the order contains a summary of facts and then only a conclusory statement that the grounds for relief under (h) were proved. There was no discussion or identification of the elements the State was required to prove. Thus, we are unable to determine whether the juvenile court intended to terminate Arielle's parental rights to N.E. pursuant to paragraph (h) or whether the court was referring to the substantive elements found in paragraph (*l*) but mistakenly identified in the IDHS Request as paragraph (h). Arielle's challenge on appeal to paragraph (*l*) indicates she believes the pleadings and order should be understood to seek and grant termination on that ground. The State's response

that she did not preserve error on (h) indicates the State believes the termination was pursuant to (h). The record, taken as whole, is ambiguous.

"[T]he relationship between parent and child is constitutionally protected." *Quilloin v. Walcott*, 434 U.S. 246, 255 (1978). "[T]he custody, care, and nurture of the child reside first in the parents, whose primary function and freedom include preparation for obligations the state can neither supply nor hinder." *Id.* (quoting *Prince v. Massachusetts*, 321 U.S. 158, 166 (1944)). Basic fairness requires the State to put the parent on notice of the legal ground or grounds on which it seeks to terminate the parent's rights in her child. Further, the parent should also be informed of the legal ground or grounds upon which the court terminated the parent's rights in her child. We cannot say with any certainty either of those things occurred here. The fact that we are uncertain as to the grounds upon which relief was granted also precludes us from conducting effective appellate review of the termination order. We must reverse the juvenile court's termination order for these reasons.

IV.

For the foregoing reasons, we reverse the termination of Arielle's parental rights as to all four children and remand for further proceedings.

**REVERSED AND REMANDED.**