**IN THE COURT OF APPEALS OF IOWA**

No. 15-1172
Filed March 9, 2016

**IN THE INTEREST OF L.W. AND B.W.,**
**Minor Children,**

**C.W., Mother,**
Appellant,

**B.W., Father,**
Appellant.
_____

Appeal from the Iowa District Court for Polk County, Thomas W. Mott,

Judge.


The mother appeals the order terminating her parental rights.

**AFFIRMED.**


William E. Sales III of Sales Law Firm, P.C., Des Moines, for appellant

mother.

Jacob L. Mason of J.L. Mason Law, P.L.L.C., Ankeny, for appellant father.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant

Attorney General, for appellee State.

Kimberly S. Ayotte of the Youth Law Center, Des Moines, attorney and

guardian ad litem for minor children.


Considered by Tabor, P.J., and Bower and McDonald, JJ.

**MCDONALD, Judge.**

The juvenile court terminated Blake and Catherine's rights in their children, L.W. and B.W. The parents each timely filed their respective notices of appeal, but the supreme court dismissed Blake's appeal for failure to timely file his petition on appeal. *See* Iowa R. App. P. 6.201(2). Thus, we consider only the mother's appeal. On appeal, the mother contends that the State failed to prove the statutory grounds authorizing the termination of her parental rights and that termination of her parental rights was in the best interests of the children. She also contends termination was unnecessary because the child was placed with a relative.

We review de novo proceedings terminating parental rights. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). We examine both the facts and law, and we adjudicate anew those issues properly preserved and presented. *See In re L.G.*, 532 N.W.2d 478, 480 (Iowa Ct. App. 1995). We will uphold an order terminating parental rights only if there is clear and convincing evidence establishing the statutory grounds for termination of the parent's rights. *See In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). Evidence is "clear and convincing" when there is no serious or substantial doubt as to the correctness of the conclusions of law drawn from the evidence. *Id.*

Termination of parental rights under Iowa Code chapter 232 follows a three-step analysis. *See In re P.L.*, 778 N.W.2d 33, 40-41 (Iowa 2010). First, the court must determine if a ground for termination under section 232.116(1) (2015) has been established. *See id.* at 40. Second, if a ground for termination is established, the court must apply the framework set out in section 232.116(2) to

decide if proceeding with termination is in the best interests of the child. *See id.* Third, if the statutory best-interests framework supports termination of parental rights, the court must consider if any statutory exceptions set forth in section 232.116(3) should serve to preclude termination. *See id.* at 41.

In November 2013, the parents consented to the removal of L.W. after both parents tested positive for methamphetamine. The child was placed with the maternal grandmother. In January 2014, the child was adjudicated in need of assistance. The mother was provided with a variety of services and demonstrated a period of sobriety and an ability to provide appropriate care for and supervision of L.W. By August of 2014, a trial home placement was attempted. B.W. was born in September 2014 during the trial home placement period. On September 26, 2014, the children were removed from the mother after the children were exposed to domestic violence in the home. The children were placed with the maternal grandmother. B.W. was adjudicated in need of assistance. The mother was provided with additional services, but she never demonstrated the ability to care for the children. Ultimately, the juvenile court terminated her parental rights pursuant to Iowa Code section 232.116(1)(h) and (l).

The mother first contends there was not clear and convincing evidence supporting the statutory grounds authorizing termination. "When the juvenile court terminates parental rights on more than one statutory ground, we need only find grounds to terminate under one of the sections cited by the juvenile court to affirm." *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). We turn our attention to section 232.116(1)(h). Under this section, the State was required to

prove, as relevant here, "[t]here is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time." Iowa Code § 232.116(1)(h)(4). A child cannot be returned to a parent's care if the child would remain a CINA or would be at risk of adjudicatory harm. *See In re R.R.K.*, 544 N.W.2d 274, 277 (Iowa Ct. App. 1995); *see also In re M.M.*, 483 N.W.2d 812, 814 (Iowa 1992). "The threat of probable harm will justify termination, and the perceived harm need not be the one that supported the child's initial removal from the home." *M.M.*, 483 N.W.2d at 814; *see In re C.M.T.*, 433 N.W.2d 55, 56 (Iowa Ct. App. 1988).

There is clear and convincing evidence the children could not be returned to the mother's care at the time of the termination hearing without being at risk of harm. Catherine, age 25 at the time of the hearing, has a history of substance use commencing more than a decade ago when she was a young teenager. She has used alcohol, marijuana, cocaine, LSD, heroin, and methamphetamine. By her own admission, she has completed substance treatment and relapsed on numerous occasions over the years, failing to maintain sobriety for any material period of time outside prison or other supervised/clinical settings. By the fall of 2014, Catherine was using methamphetamine, heroin, and cocaine. She participated in several treatment programs and was successfully discharged from one in March 2015. Almost immediately, she relapsed. She started associating with known users. By the end of April, Catherine had relapsed on methamphetamine and was admitted to the hospital due to suicidal ideations. On another occasion, shortly prior to the termination hearing, a friend found Catherine passed out in her residence due to using. When the department of

human services requested Catherine provide a drug screen, she refused to do so. She then sent inappropriate messages to her FSRP worker. Catherine's long history of substance abuse, repeated relapses, and demonstrated inability to maintain sobriety outside a supervised setting demonstrates the children could not have been returned to her care at the time of the termination hearing. *See In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998) ("Where the parent has been unable to rise above the addiction and experience sustained sobriety in a noncustodial setting, and establish the essential support system to maintain sobriety, there is little hope of success in parenting.").

We next address whether the termination of Catherine's parental rights was in the children's best interest. When considering the best interest of the child, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). We consider both the long-term and immediate interests of the child. *See In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Insight into what the future likely holds for a child if returned to a parent is gained from evidence of the parent's past performance; it may be indicative of the quality of future care the parent is capable of providing. *See In re A.B.*, 815 N.W.2d 764, 778 (Iowa 2012); *J.E.*, 723 N.W.2d at 798. We give substantial weight to case history records in assessing a parent's ability to provide care in the future. *See In re S.N.*, 500 N.W.2d 32, 34 (Iowa 1993).

The termination of Catherine's parental rights was in the children's best interest. While Catherine has demonstrated an ability to provide appropriate care

for the children for short periods of time, clear and convincing evidence establishes she cannot do so for any great length of time. She has exposed the children to domestic violence in the home. She associates with known substance abusers. Her long-term substance abuse renders her unavailable to meet the physical, mental, and emotional needs of the children. We "cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *P.L.*, 778 N.W.2d at 41; *see also A.B.*, 815 N.W.2d at 778 (noting a parent's past conduct is instructive in determining the parent's future behavior); *In re C.K.*, 558 N.W.2d 170, 172 (Iowa 1997) (stating that when considering what the future holds if a child is returned to the parent, we must look to the parent's past behavior because it may be indicative of "the quality of care the parent is capable of providing in the future").

Catherine argues that the juvenile court should not have terminated her parental rights because the children were placed with the maternal grandmother. *See* Iowa Code § 232.116(3)(a) ("The court need not terminate the relationship between the parent and child if the court finds . . . [a] relative has legal custody of the child."). The exception set forth in section 232.116(3)(a) is permissive and not mandatory. *See C.K.*, 558 N.W.2d at 174 ("An appropriate determination to terminate a parent-child relationship is not to be countermanded by the ability and willingness of a family relative to take the child."); *In re D.S.*, 806 N.W.2d 458, 474–75 (Iowa Ct. App. 2011) (stating this provision is permissive and not mandatory). Thus, even where custody of the child is with a relative, the juvenile

court may proceed with termination of the parent-child relationship where there is clear and convincing evidence establishing a ground for termination and termination is in the best interest of the child. *See C.K.*, 558 N.W.2d at 174 ("The child's best interests always remain the first consideration."). Regardless, Catherine's reliance on this exception is misplaced. The exception applies only where a relative has custody of the children. Here, the termination order provides the Iowa Department of Human Services shall continue to have custody of the children. Thus, the exception is inapplicable. *See A.M.*, 843 N.W.2d at 113; *In re I.V.*, No. 15-0608, 2015 WL 4486237, at *3 (Iowa Ct. App. July 22, 2015) (holding section 232.116(3)(a) is inapplicable where the department of human services had custody of child placed with relative).

For the foregoing reasons, the order of the juvenile court is affirmed.

**AFFIRMED.**