## IN THE COURT OF APPEALS OF IOWA

No. 17-0217
Filed September 13, 2017

**SCOTT JOSEPH REXROAT,**
Plaintiff-Appellee,

**vs.**

**JACQUELYN M. TROXEL,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Buena Vista County, David A. Lester, Judge.

A mother appeals from the decree establishing paternity, custody, support, and visitation. **AFFIRMED.**

Gina C. Badding of Neu, Minnich, Comito, Halbur, Neu & Badding, P.C., Carroll, for appellant.

Maura Sailer of Reimer, Lohman, Reitz, Sailer & Ullrich, Denison, for appellee.

Considered by Danilson, C.J., and Tabor and McDonald, JJ.

**DANILSON, Chief Judge.**

Jacquelyn (Jackie) Troxel is the mother and Scott Rexroat is the father of L., born in 2014. The parties were never married. Jackie first informed Scott he was the father of an older child and L. When Scott filed this action to establish paternity and sought physical care of the two children, Jackie denied his paternity. Paternity testing established Scott was the father of L. only. After a two-day trial, the district court entered its decree establishing paternity, placing the child in Scott's physical care, ordering Jackie to pay $104 per month in child support, and setting *minimum* visitation.

Jackie appeals, asserting the district court abused its discretion in admitting the custody evaluator's report and background information, the criminal histories of Jackie and her paramour, and certain exhibits on rebuttal. She also contends the court erred in placing the child in Scott's physical care, in not ordering more extensive visitation to her, and in refusing to order Scott to pay one-half of her trial attorney fees.

We review custody actions, which are tried in equity, de novo. Iowa R. App. P. 6.907. We give weight to the findings of the trial court—particularly its credibility findings—but we are not bound by them.[1] Iowa R. App. P. 6.904(3)(g).

We have thoroughly reviewed the record and the district court's thoughtful and detailed ruling. We find no abuse of discretion in the court's admission of the evidence subject to the objections noted for a complete record of the

---

[1] *See In re L.G.*, 532 N.W.2d 478, 480–81 (Iowa Ct. App. 1995) (noting the "favorable vantage point" of the fact finder).

proceedings.[2] We acknowledge the district court considered the exhibits without determining their admissibility. Nonetheless, even if we disregard all the exhibits objected to by Jackie our decision today would not change.

We choose not to restate the facts and further stir the emotional antagonism evident between the parents. Both parents have behaved ill-advisedly toward the other. But the district court noted that it appears that Scott was "trying to improve both his relationship with and ability to communicate with Jackie, while Jackie is not." The court continued, "[This] is an important factor favoring placement of [L.] with Scott rather than with Jackie; that being the ability of Scott to promote the child's relationship with his other parent."[3] We agree, and add that Scott now reflects more emotional stability than Jackie, as Jackie continues to be unable to untangle herself from the emotional attachment to Scott and anger towards both Scott and his wife. Our concern is with the best interests of the child. The child needs parents who can develop a working and cooperative parenting style with the child having access to each parent and to

---

[2] "As this was a trial in equity, the court did not need to rule on objections, but could hear all evidence subject to objections." *Wilker v. Wilker*, 630 N.W.2d 590, 597 (Iowa 2001).

> The rule of evidence in equity cases is that the trial judge, while noting objections, may not exclude offered evidence. . . . The purpose of this practice is to preserve a complete record for the trial and appellate courts, leaving to them the rejection of inadmissible evidence when deciding an issue.

*United Props., Inc. v. Walsmith*, 312 N.W.2d 66, 73–74 (Iowa Ct. App. 1981).

[3] When determining physical care, the overriding consideration is the best interests of the child. *See McKee v. Dicus*, 785 N.W.2d 733, 736 (Iowa Ct. App. 2010). The objective is always "to place the child in the environment most likely to bring that child to healthy physical, mental and social maturity." *In re Marriage of Kunkel*, 555 N.W.2d 250, 253 (Iowa Ct. App. 1996).

> In so far as is reasonable and in the best interest of the child, the court should make an award of custody which will assure the child the opportunity for the maximum continuing physical and emotional contact with both parents and which will encourage the parents to share the rights and responsibilities of raising the child.

*Id.*; *see* Iowa Code § 598.41(1)(a) (2015).

their extended families on each side. Both parents have the capability to be that kind of parent, and in time, we hope both can become the parent their child deserves. But for the reasons stated, and giving deference to the district court's credibility assessments, which are explained and supported by its findings—even disregarding findings supported by the objectionable exhibits, we find no reason to disturb the district court's decree granting physical care to Scott.

The court ordered Scott to bear the full cost of the court-ordered custody evaluation and pay all court costs. Each party was to pay their own attorney fees. The trial court did not err denying the request to order Scott to pay Jackie's trial attorney fees. *See* Iowa Code § 600B.26 (2017) ("In a proceeding to determine custody or visitation, . . . the court may award the prevailing party reasonable attorney fees."). We award no appellate attorney fees.

Because additional comment would add little to our jurisprudence, we affirm without additional opinion. *See* Iowa Ct. R. 21.26(1)(a), (b), (e).

**AFFIRMED.**