# IN THE COURT OF APPEALS OF IOWA

No. 17-2038
Filed March 7, 2018

**IN THE INTEREST OF J.B.,**
**Minor Child,**

**H.S., Mother,**
     Appellant.

_____

Appeal from the Iowa District Court for Benton County, Barbara H. Liesveld, District Associate Judge.

A mother addicted to methamphetamine appeals the termination of her parental rights to her seven-year-old son.  **AFFIRMED.**

Annette F. Martin, Cedar Rapids, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Andrew R. Wiezorek of Jacobsen, Johnson & Wiezorek P.L.C., Cedar Rapids, guardian ad litem for minor child.

Considered by Doyle, P.J., and Tabor and McDonald, JJ.

**TABOR, Judge.**

At age six, J.B. tested positive for methamphetamine after his parents exposed him to the illegal drug. Based on that exposure, the Iowa Department of Human Services (DHS) removed J.B. from his parents' care and adjudicated him as a child in need of assistance (CINA) in September 2016. J.B. has lived with his maternal step-grandmother since removal. His mother, Halie, continued to use methamphetamine throughout the CINA case. In December 2017, the juvenile court terminated her parental rights citing Iowa Code section 232.116(1)(f) and (*l*) (2017).[1] Halie now appeals, contending with more time, she could "address her sobriety" and achieve reunification with J.B.

After independently reviewing the record,[2] we agree with the juvenile court's termination decision. The decision insightfully summed up Halie's situation: "The court does not doubt that Halie loves her son but she has failed to make the necessary lifestyle changes to be a stable and sober parent for him." The court emphasized Halie's belated effort to address her addiction, waiting until just a month before the termination hearing to seek inpatient substance-abuse treatment. The State offered clear and convincing evidence to satisfy the statutory

---

[1] The juvenile court also terminated the parental rights of J.B.'s father, who is not a party to this appeal.

[2] We review child-welfare proceedings de novo, which means we examine both the facts and law and adjudicate anew issues properly preserved and presented. *See In re L.G.*, 532 N.W.2d 478, 480 (Iowa Ct. App. 1995). We are not bound by the factual findings of the juvenile court, but we give them weight. *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). The State's proof must be clear and convincing. *Id.* Evidence is "clear and convincing" when there are no "serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *Id.* (alteration in original) (quoting *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010)).

grounds for termination and a delay in permanency would not be in J.B.'s best interests.

When, as here, the juvenile court rests its decision on more than one subsection of Iowa Code section 232.116(1), we may affirm on any ground supported by clear and convincing evidence. *D.W.*, 791 N.W.2d at 707. We will address paragraph (f), which requires proof of the following elements: (1) the child is four years of age or older; (2) the child has been adjudicated a CINA under section 232.96; (3) the child has been removed from the physical custody of the parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days; and (4) the State offered clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102. Iowa Code § 232.116(1)(f). Halie contests only the fourth element, asserting she can "succeed with her son in her care" because despite her history of substance abuse "she has shown the ability and desire to make positive changes in her life." But she also acknowledges "she needs more time" to provide a safe home for her son "than the court has previously allotted."

The phrase "at the present time" in subsection (f)(4) means at the time of the termination hearing. *Cf. D.W.*, 791 N.W.2d at 707 (analyzing similar language in subsection (h)(4)). J.B. could not have safely returned to Halie's care in late November 2017 when the termination petition came before the court. After her inpatient substance-abuse treatment in October 2017, Halie did not complete the transition program, instead returning to live with a paramour who had been a trigger for her past drug use and was not a safe person to associate with J.B. In

addition, Halie's patch tested positive for methamphetamine in October 2017, and she was inconsistent in her fully supervised visitation. In fact, at the termination hearing, even Halie recognized she needed more time to secure stable housing and to work on her sobriety. We find clear and convincing evidence supported the juvenile court's decision that J.B. could not be returned to Halie's custody at the present time. *See In re L.M.*, 904 N.W.2d 835, 839 (Iowa 2017) (noting mother's "history of drug addiction and parenting dysfunction").

Halie asks for a postponement because "[m]aking a dramatic change such as the one required of [her] is lengthy and complicated, but not impossible." While Halie has taken early steps on her rehabilitation journey, "the journey is a long one and it is far from complete." *See L.M.*, 904 N.W.2d at 840. Under section 232.104(2)(b), the juvenile court may defer permanency only if it determines the need for removal "will no longer exist at the end of the additional six-month period." The record does not support any further delay in moving J.B. toward adoption.

Halie's inconsistency frays J.B. The social worker testified J.B. "knows that mom's late a lot so we kind of joke about her being slower than molasses," but when she doesn't show up for visits at all "that was hard" and "he broke down." The guardian ad litem painted a similar picture, explaining J.B. "has exhibited attachment issues. He has been let down when visits or phone calls were cancelled." Given J.B's distress from the current uncertainty, we conclude termination is in his best interests. *See* Iowa Code § 232.116(2).

**AFFIRMED.**