# IN THE COURT OF APPEALS OF IOWA

No. 15-1432
Filed December 9, 2015

**IN THE INTEREST OF E.R., B.R., M.R.,**
**R.R., and A.R.,**
 **Minor Children,**

**K.R., Mother,**
 Appellant.
_____

Appeal from the Iowa District Court for Franklin County, Peter B. Newell, District Associate Judge.

A mother appeals from the order terminating her parental rights. **AFFIRMED.**

David Kuehner of Eggert, Erb, Mulcahy & Kuehner, P.L.L.C., Charles City, for appellant.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd and Kathryn Lang, Assistant Attorneys General, for appellee.

Barbara Westphal, Belmond, attorney and guardian ad litem for minor children.

Considered by Danilson, C.J., and Mullins and McDonald, J.

**MCDONALD, Judge.**

The mother of five children appeals from the order terminating her parental rights.  She contends the court erred in finding the children could not be returned to her custody as provided in Iowa Code section 232.102 (2015).

I.

The children, born from 2004 through 2011, came to the attention of the Iowa Department of Human Services ("IDHS") in May 2013 when several of the children were found playing on a highway.  In August 2013, the case worker received a report the father had hit one of the children with a belt and the mother kicked the father out of the home.  The mother obtained a protective order, but dismissed it less than two weeks later.  The father moved back into the home.  In mid-September, IDHS sought and obtained a removal order based on a history of domestic violence, the parents' inability to provide adequate supervision, and the mother's mental-health stability.  The mother was also an intravenous methamphetamine user.  The children were adjudicated in need of assistance in October.

In mid-February 2014, the children were returned to the mother's care based on her cooperation with services, her demonstrated parenting skills, and her consistency in mental-health treatment and medication compliance.  The children were removed again in late March after the children were found walking unsupervised along a busy road.  They said they were looking for a telephone because the mother was not home when they arrived home from school three hours earlier and the home was locked.  When the mother arrived home, she

appeared "confused, emotionally distraught," and "heavily medicated." When police and the IDHS worker arrived, the mother refused to cooperate and barricaded herself and the children inside the home. Police had to force entry into the home to remove the children. Since that removal, there have been no trial periods at home. Four of the children are together in one foster home; the fifth is in a different home.

In May 2015, the State petitioned to terminate the mother's parental rights. Following hearing on June 1 and July 20, the court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(f) (as to the four oldest children) and (h) (as to the youngest child). The court found the mother was living in a women's shelter at the time of the June 1 hearing, she continued to abuse methamphetamine, she was not participating in services, she was not addressing her mental-health needs, and she was unemployed. In the nearly seven weeks between the first and second day of the hearing, the mother obtained housing, participated in mental health and substance abuse services, and exercised visitation with the children. The children exhibited disturbing behaviors after the visits. The court, after considering the factors in section 232.116(2) and (3) found termination was in the children's best interests.

II.

We review de novo proceedings terminating parental rights. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). We examine both the facts and law, and we adjudicate anew those issues properly preserved and presented. *See In re L.G.*, 532 N.W.2d 478, 480 (Iowa Ct. App. 1995). We will uphold an order

terminating parental rights only if there is clear and convincing evidence establishing the statutory grounds for termination of the parent's rights. *See In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). Evidence is "clear and convincing" when there are no serious or substantial doubts as to the correctness of the conclusions of law drawn from the evidence. *See id.*

### III.

The mother contends the State did not prove the children could not be returned to her custody as provided in section 232.102. *See* Iowa Code §§ 232.116(1)(f)(4) and (h)(4) (both requiring proof the child cannot be returned to the parent's custody "as provided in section 232.102"). To satisfy its burden of proof, the State must establish "[t]he child cannot be protected from some harm which would justify the adjudication of the child as a child in need of assistance." *See id.* § 232.102(5)(2); *see also In re A.M.S.*, 419 N.W.2d 723, 725 (Iowa 1988). The threat of probable harm will justify termination of parental rights, and the perceived harm need not be the one that supported the child's initial removal from the home. *See In re M.M.*, 483 N.W.2d 812 (Iowa 1992).

Clear and convincing evidence supports the finding the children could not be returned to the mother's custody at the time of the termination hearing without either remaining CINA or being at risk of adjudicatory harm as set forth in section 232.2(6)(c)(1), (c)(2), and (n). The mother has unresolved mental-health and substance-abuse issues and has failed to participate in treatment. Both times the children were removed, the removals were based in part on lack of proper supervision. The mother moved repeatedly during the pendency of these

proceedings. There was concern the mother would not be able to follow through with the conditions set forth by housing managers to remain eligible for the housing she obtained between the first and second hearing day. The mother's contact with the children resulted in negative changes in their behavior, and their psychologist opined visits "would likely cause emotional distress . . . [and] likely lead to behavioral and emotional disruption."

In a pro se letter to the supreme court dated August 20, 2015, the mother listed as one reason she was appealing, "I believe my attorney did not stand up for me, when accusations were made toward me and they were not accurate." Even if we view this letter as asserting a claim the mother's counsel was ineffective, the mother has not demonstrated the result of the proceeding would likely have been different. *See In re T.P.*, 757 N.W.2d 267, 275 (Iowa Ct. App. 2008); *see also In re C.M.*, 652 N.W.2d 204, 207 (Iowa 2002).

IV.

For the foregoing reasons, we affirm the order terminating the mother's parental rights to her five children.

**AFFIRMED.**