# IN THE COURT OF APPEALS OF IOWA

No. 16-0351
Filed April 27, 2016

**IN THE INTEREST OF Z.R. AND W.R.,**
**Minor children,**

**T.E., Father,**
Appellant.

_____

Appeal from the Iowa District Court for Webster County, Angela L. Doyle, District Associate Judge.

The father appeals from an order terminating his parental rights pursuant to Iowa Code chapter 232 (2015). **AFFIRMED.**

Neven J. Conrad of Baker, Johnsen, Sandblom & Lemmenes, Humboldt, for appellant father.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Joseph L. Tofilon of Thatcher & Tofilon, P.L.C., Fort Dodge, for minor children.

Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

Tom, the father, appeals an order terminating his parental rights in his children Z.R. and W.R., ages 11 and 9, respectively, pursuant to Iowa Code section 232.116(1)(f) (2015).[1] On appeal, he contends the State failed to make reasonable efforts to reunify the family and the State failed to prove by clear and convincing evidence the statutory ground authorizing the termination of his parental rights.

We review de novo proceedings terminating parental rights. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). We examine both the facts and law, and we adjudicate anew those issues properly preserved and presented. *See In re L.G.*, 532 N.W.2d 478, 480 (Iowa Ct. App. 1995). We will uphold an order terminating parental rights only if there is clear and convincing evidence establishing the statutory grounds for termination of the parent's rights. *See In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). Evidence is "clear and convincing" when there is no serious or substantial doubt as to the correctness of the conclusions of law drawn from the evidence. *Id.*

Termination of parental rights under Iowa Code chapter 232 follows a three-step analysis. *See In re P.L.*, 778 N.W.2d 33, 40–41 (Iowa 2010). First, the court must determine if a ground authorizing the termination of parental rights under section 232.116(1) has been established. *See id.* at 40. Second, if a ground for termination is established, the court must apply the framework set forth in section 232.116(2) to decide if proceeding with termination is in the best interests of the child. *See id.* Third, if the statutory best-interests framework

---

[1] The mother does not appeal the termination of her parental rights.

supports termination of parental rights, the court must consider if any statutory exceptions set forth in section 232.116(3) should serve to preclude termination. *See id.* at 41. The exceptions set forth in subsection three are permissive and not mandatory. *A.M.,* 843 N.W.2d at 113.

The district court terminated Tom's parental rights pursuant to Iowa Code section 232.116(1)(f). Termination of parental rights is authorized pursuant to this section when the court finds all of the following have occurred:

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

Iowa Code § 232.116(1)(f). A child cannot be returned to the custody of the child's parents under section 232.102 if by doing so the child would be exposed to any harm amounting to a new child in need of assistance adjudication or would remain a child in need of assistance. *See In re M.M.,* 483 N.W.2d 812, 814 (Iowa 1992); *see also In re R.R.K.,* 544 N.W.2d 274, 277 (Iowa Ct. App. 1995).

The family first came to the attention of the Iowa Department of Human Services in 2010. At that time, Z.R. and W.R. resided with their two sisters and their parents, Tom and Billie. Tom and Billie were not able to provide the children with a sanitary and safe home. The family home was filled with garbage. Old food and dirty dishes were stacked on the countertops, stove, sink, and floors. Dirty laundry was scattered throughout the home. Large cat-litter boxes

were filled with cat feces. A child abuse assessment was founded and the family began to receive intensive services from the Iowa Department of Human Services.

Shortly after the founded assessment, Tom and Billie separated, and the children resided with Billie. In June 2013, the four children were placed in crisis day care and family foster care because Billie's mental health status deteriorated and she suffered suicidal ideations. The children were returned to Billie's care when she returned from the hospital against medical advice on July 8, 2013. From that date through February 2014, the children were voluntarily placed with relatives or family foster care on several occasions when Billie was admitted to the hospital for mental health treatment. Z.R. and W.R. remained in family foster care after February 2014 following another hospitalization of Billie. From the time of Billie and Tom's separation through February 2014, Tom was unable to care for the children due to his own mental health conditions and inability to provide self-care. In April 2014, Z.R. and W.R. were adjudicated in need of assistance.

The juvenile court held a termination hearing on January 6, 2016. Tom's attorney appeared at the hearing, but Tom did not attend the hearing despite receiving notice of the same. Tom's counsel advised the juvenile court that he had not been able to contact Tom in the month and one-half prior to the termination hearing. The juvenile court conducted the hearing in Tom's absence.

On de novo review, we conclude the State made reasonable efforts to facilitate reunification of Tom and the children; the State proved the ground authorizing termination by clear and convincing evidence; the termination of Tom's rights is in the best interest of the children; and no permissive exception

counsels against the termination of his parental rights. As the juvenile court explained:

> There has been little, if any, improvement in the ability of Billie and Tom to meet their needs and the needs of the children. DHS [Department of Human Services] has provided intensive services to this family since 2010, to little or no avail. Neither parent has been consistent in mental health treatment. Their overall self-care is poor. The parents are unable to independently care for themselves. In addition, Tom's substance abuse has not been addressed. He tested positive for methamphetamine as recently as November of 2015, about two months before the termination hearing.
>
> The foster parents offer the children safe, stable and loving homes and provide for their extensive needs. The physical, medical, mental and emotional condition and needs of the children cannot be met by the parents, but have been met and continue to be met by the foster parents. In order to further the long-term nurturing and growth of the children, and to meet the physical, medical, mental and emotional condition and needs of the children, the best placement is in the custody of DHS, for eventual adoption. Therefore, the Court must conclude that the children's best interests would be served by termination of the parental rights of their parents so that they may be freed for adoption.
>
> Finally, the Court considers whether the permissive exceptions in Section 232.116(3) apply to this case. The Court "need not terminate the relationship between the parent and child if the Court finds . . . [t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." Iowa Code § 232.116(3) and (3)(c)(2015). The children love and are bonded to their parents. Billie and Tom love the children. However, there has been no clear and convincing evidence that termination would be detrimental to the children at this time due to the closeness of the parent-child relationship. The parents' mental health issues and inability to provide a home and the basic necessities of life for the children remain concerns. Tom's volatility and drug use remain concerns. Both parents have been unable to make the practical changes required to achieve reunification with the children. Long-standing and continuous efforts to motivate the parents to improve the conditions of their homes have been unsuccessful. There is nothing in the record that indicates terminating would be more detrimental than not terminating based on the bond with Billie and Tom.

We adopt the juvenile court's finding and conclusions as our own, and we affirm the order terminating the father's parental rights in his children Z.R. and W.R.

**AFFIRMED.**