# IN THE COURT OF APPEALS OF IOWA

No. 16-0332
Filed October 26, 2016

**IN THE MATTER OF T.M.,**
**Alleged to be Seriously Mentally Impaired,**

**T.M.,**
　　　　Respondent-Appellant.
_____

　　　　Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg, Judge.

　　　　Appellant challenges the sufficiency of the evidence finding he is seriously mentally impaired under the Iowa Code. **AFFIRMED**.

　　　　John Audlehelm of Audlehelm Law Office, Des Moines, for appellant.

　　　　Thomas J. Miller, Attorney General, and Gretchen Kraemer, Assistant Attorney General, for appellee State.

　　　　Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**MCDONALD, Judge.**

This appeal arises out of an involuntary civil commitment proceeding. T.M. challenges the sufficiency of the evidence supporting the finding that he is "seriously mentally impaired" within the meaning of Iowa Code chapter 229 (2015).

"An involuntary commitment proceeding is a special action triable to the court as an ordinary action at law." *In re J.P.*, 574 N.W.2d 340, 342 (Iowa 1998). Therefore, our review is for correction of errors at law. *See id.* A determination someone is seriously mentally impaired must be supported by clear and convincing evidence. *See* Iowa Code § 229.12(3); *In re Oseing*, 296 N.W.2d 797, 799 (Iowa 1980). Evidence is clear and convincing when there is "no serious or substantial doubt about the correctness of a particular conclusion drawn from the evidence." *See In re L.G.*, 532 N.W.2d 478, 481 (Iowa Ct. App. 1995). The clear-and-convincing standard is less onerous than proof beyond a reasonable doubt, but more so than a preponderance of the evidence. *See In re B.B.*, 826 N.W.2d 425, 428 (Iowa 2013). The district court's findings of fact are binding on appeal if they are supported by substantial evidence. *See J.P.*, 574 N.W.2d at 342. Evidence is substantial if a reasonable trier of fact would accept it as adequate to reach a conclusion. *See In re Foster*, 426 N.W.2d 374, 376 (Iowa 1988).

There is substantial evidence T.M. is "seriously mentally impaired" within the meaning of the code. *See* Iowa Code § 229.1(20) (defining "seriously mentally impaired"). The record consists of medical reports and the treating physician's testimony. There is clear and convincing evidence T.M. suffers from

mental illness, including schizophrenia and psychosis. *See id.* The treating physician testified T.M. lacks sufficient judgment to make responsible decisions with respect to his treatment. *See id.* Finally, the record reflects T.M. is likely to physically injure himself if allowed to remain at liberty as evidenced by a recent overt act, to wit, T.M. was referred for commitment following an attempt to commit suicide by hanging himself with a bed sheet. *See id.*; *see also, e.g.*, *In re S.L.S.*, No. 14-1513, 2015 WL 2393733, at *2 (Iowa Ct. App. May 20, 2015) (affirming finding of dangerousness to self where respondent recently contemplated suicide); *In re L.J.*, No. 13-0116, 2013 WL 5498116, at *4 (Iowa Ct. App. Oct. 2, 2013) (affirming hospitalization order where respondent contemplated self-harm); *In re E.S.*, No. 10-0701, 2010 WL 4485531, at *2 (Iowa Ct. App. Nov. 10, 2010) (affirming hospitalization order where respondent made two suicide attempts).

**AFFIRMED.**