# IN THE COURT OF APPEALS OF IOWA

No. 16-1778
Filed January 11, 2017

**IN THE INTEREST OF K.D. and A.D.,**
**Minor children,**

**J.D., Mother,**
 Appellant.

_____

Appeal from the Iowa District Court for Montgomery County, Amy L.

Zacharias, District Associate Judge.


A mother appeals the termination of her parental rights. **AFFIRMED.**


Sarah M. Hart of Reisinger Booth & Associates, P.C., L.L.O., Omaha,

Nebraska, for appellant mother.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant

Attorney General, for appellee State.

Karen L. Mailander of Mailander Law Office, Anita, guardian ad litem for

minor children.


Considered by Danilson, C.J., and Doyle and McDonald, JJ.

**DOYLE, Judge.**

A mother appeals the termination of her parental rights to her children, K.D. and A.D.[1]  She claims the State failed to prove the statutory grounds for termination, that termination is not in the children's best interests, and that Iowa Code section 232.116(3) (2015) factors apply to overcome termination.  We affirm the juvenile court's order.

We review termination-of-parental-rights proceedings de novo.  *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014).  We examine both the facts and law, and we adjudicate anew those issues properly preserved and presented.  *See In re L.G.*, 532 N.W.2d 478, 480 (Iowa Ct. App. 1995).  We will uphold an order terminating parental rights only if there is clear and convincing evidence establishing the statutory grounds for termination of the parent's rights.  *See In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000).  Evidence is "clear and convincing" when there is no serious or substantial doubt as to the correctness of the conclusions of law drawn from the evidence.  *Id.*

Termination of parental rights under Iowa Code chapter 232 follows a three-step analysis.  *See In re P.L.*, 778 N.W.2d 33, 40–41 (Iowa 2010).  First, the court must determine if a ground authorizing the termination of parental rights under section 232.116(1) has been established.  *See id.* at 40.  Second, if a ground for termination is established, the court must apply the framework set forth in section 232.116(2) to decide if proceeding with termination is in the best interests of the child.  S*ee id.*  Third, if the statutory best-interests framework

---

[1] The father's parental rights to the children were also terminated.  He is not a party to this appeal.

supports termination of parental rights, the court must consider if any statutory exceptions set forth in section 232.116(3) should serve to preclude termination. *See id.* at 41. The exceptions set forth in subsection three are permissive and not mandatory. *See A.M.*, 843 N.W.2d at 113.

The district court terminated the mother's rights pursuant to Iowa Code section 232.116(1)(f) (as to the older child) and (h) (as to the younger child).[2] As relevant here, termination pursuant to paragraphs (f) and (h) requires the State to prove the children could not be returned at the present time to the mother's care as provided in section 232.102. *See* Iowa Code § 232.116(1)(f)(4), (h)(4) (both requiring proof the child cannot be returned at the present time to the parent's custody "as provided in section 232.102"). To satisfy its burden of proof, the State must establish "[t]he child cannot be protected from some harm which would justify the adjudication of the child as a child in need of assistance." *See id.* § 232.102(5)(2); *see also In re A.M.S.*, 419 N.W.2d 723, 725 (Iowa 1988). The threat of probable harm will justify termination of parental rights, and the perceived harm need not be the one that supported the child's initial removal from the home. *See In re M.M.*, 483 N.W.2d 812, 814 (Iowa 1992). "At the present time" refers to the time of the termination hearing. *A.M.*, 843 N.W.2d at 111.

---

[2] At the time of the termination of parental rights hearing, K.D. was three years old and A.D. was four years old. The court also terminated the mother's parental rights pursuant to section 232.116(d). When the juvenile court terminates parental rights on more than one ground, we may affirm the order on any ground we find supported by clear and convincing evidence in the record. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). We choose to address the grounds for termination under (f) and (h).

The children were removed from the parents' home in July 2015. The termination hearing was held in October 2016. In its findings of fact, the juvenile court noted that an Iowa Department of Human Services (DHS) worker testified,

> the children cannot be returned to their mother's care now or at any time in the foreseeable future because she did not follow through with substance-abuse treatment and has very little progress towards maintaining her sobriety. [The worker] testified she placed [the mother] on a call-in system for drug testing but she did not comply with those protocols. [The worker] also testified it would be in the children's best interests for [the mother]'s parental rights to be terminated.

The mother also testified at the hearing, and the court found,

> She was given the opportunity to be questioned by her attorney and tell the court why her parental rights should not be terminated. [The mother] also submitted a letter to the court, which was filed as Exhibit 8. In that letter, [the mother] acknowledged that she was an alcoholic and an addict, and in the last few months she is finally accepting who she is and believes that she can recover from her addictions. She admitted in this letter that it would not be in her children's best interests to return the children to her care at this time. [The mother] also admitted during her testimony that she has been doing well in her current treatment plan for both mental health and substance abuse. Based on the exhibits filed in this matter, [the mother] appears to be making progress. However, she admitted that it took her almost a year to decide she wanted to get better and not lose her children. When looking at the timeframes involved, she only made this decision after the permanency goal in this changed in July 2016. By that time, the Court had already granted her additional time for reunification but she did not take advantage of it. As of today, the children have been removed from their parents for approximately fifteen months and been in two different placements. They deserve permanency and should not have to wait any longer for [the mother] to decide to be the mother she always should have been.

The juvenile court found the mother "continues to struggle with sobriety and the ability to care for her children. Throughout the life of this case [the mother] has been inconsistent with addressing her chemical-dependency issues and has self-reported relapses." The mother's struggles with substance-abuse treatment

were detailed by the juvenile court in its order, and we see no need to repeat them here. The court also observed,

> Aside from the substance-abuse issues, [the mother] has not followed through with her mental-health treatment either. She missed the most recently scheduled appointment with her psychiatrist in August 2016. By [the mother]'s own admission, it is not in the children's best interests to return to her care.

At the termination hearing, the mother admitted that neither child could be safely returned to her at that time. Given the circumstances, that is sufficient evidence authorizing the termination of her parental rights. *See In re K.P.,* No. 15-2078, 2016 WL 1703081, at *4 (Iowa Ct. App. Apr. 27, 2016) (citing *In re D.R.*, No. 15-1968, 2016 WL 1129385, at *4 (Iowa Ct. App. Mar. 23, 2016), *In re M.R.*, No. 14-1642, 2014 WL 7343520, at *2 (Iowa Ct. App. Dec. 24, 2014), *In re Z.B.*, No. 13-1406, 2014 WL 667596, at *2 (Iowa Ct. App. Feb. 19, 2014), *In re. G.S.*, No. 12-2258, 2013 WL 751298, at *2 (Iowa Ct. App. Feb. 27, 2013), *In re. K.B.*, No. 12-1299, 2012 WL 4903052, at *4 (Iowa Ct. App. Oct. 17, 2012), and *In re H.L.*, No. 07-1126, 2007 WL 2710968, at *2 (Iowa Ct. App. Sept. 19, 2007), where termination was affirmed because a parent admitted the child or children could not be returned to the parent's care at the time of the termination hearing). In any event, we agree with the juvenile court that the State proved by clear and convincing evidence the children could not be returned to her care at the time of the termination-of-parental-rights hearing and termination of her parental rights was proper under section 232.116(1)(f) and (h).

At the hearing the mother believed the children could be returned to her "sooner but not today." On appeal she claims her testimony "indicated that she would be able to have the children back in her home within months and the risk

of physical abuse is no longer at issue." We take this to be a request for additional time.

The children were removed from the parents' home in July 2015 and placed with their maternal grandparents. The children were subsequently adjudicated children in need of assistance. The children were placed with their paternal great aunt and uncle in April 2016 and continue to reside at this placement. Since the removal of her children, the mother has struggled with maintaining sobriety. The mother was given additional time to achieve reunification with the children but did not take advantage of it. After a relapse in May 2016, the State began termination proceedings. Although the mother has made some progress since then, the mother's late progress in the case did not begin until *after* the State filed its petition seeking termination of parental rights.

"It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *P.L.*, 778 N.W.2d at 41. Children require permanency. *See In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially) (noting the "defining elements in a child's best interest" are the child's safety and "need for a permanent home"). Delaying permanency any further is not in the children's best interests. As we have stated numerous times, children are not equipped with pause buttons. "The crucial days of childhood cannot be suspended while parents experiment with ways to face up to their own problems." *In re A.C.*, 415 N.W.2d 609, 613 (Iowa 1987); *see also In re D.J.R.*, 454 N.W.2d 838, 845 (Iowa 1990) ("We have long recognized that the best

interests of a child are often not served by requiring the child to stay in 'parentless limbo.'" (citation omitted)); *In re Kester*, 228 N.W.2d 107, 110-11 (Iowa 1975) (refusing to "gamble with the children's future" or force the children to "await their [parent]'s maturity" where the parent's history shows "good intentions, but feeble resistance to temptation and wrongdoing"). While the law requires a "full measure of patience with troubled parents who attempt to remedy a lack of parenting skills," this patience has been built into the statutory scheme of chapter 232. *In re C.B.*, 611 N.W.2d 489, 494 (Iowa 2000). Our supreme court has explained that "the legislature, in cases meeting the conditions of [the Iowa Code], has made a categorical determination that the needs of a child are promoted by termination of parental rights." *In re M.W.*, 458 N.W.2d 847, 850 (Iowa 1990) (discussing then Iowa Code section 232.116(1)(e)). Consequently, "[t]ime is a critical element," and parents simply "cannot wait until the eve of termination, after the statutory time periods for reunification have expired, to begin to express an interest in parenting." *C.B.*, 611 N.W.2d at 495. At some point, as is the case here, the rights and needs of the children must rise above the rights and needs of the parent. *See In re C.S.*, 776 N.W.2d 297, 300 (Iowa Ct. App. 2009). The public policy of the state having been legislatively set, we are obligated to heed the statutory time periods for reunification. The mother has been given more than ample time to address her adult issues and demonstrate that she could provide a safe, stable, drug-free home for the children, and she was not able to do so. Any additional time in limbo would not be in the children's best interests.

On appeal, the mother argues termination is not in the children's best interests, citing her bond with the children. *See* Iowa Code § 232.116(2) (listing the child's emotional condition and needs as factors to consider in determining whether to terminate parental rights). At trial she admitted it was not in the children's best interests to return them to her care at that time. The children's need for permanency, security, safety, and physical and emotional health dictate that it is in the children's best interests to have the mother's parental rights terminated rather than wait any longer for the mother to be ready to resume full time responsibility for the children's care. Although delaying the termination decision may serve the mother's best interests, it is not in the best interests of the children.

The mother also seeks to avoid termination of her parental rights under two of the exceptions set forth in section 232.116(3). These exceptions are permissive, not mandatory. *See In re C.L.H.*, 500 N.W.2d 449, 454 (Iowa Ct. App. 1993), *overruled on other grounds by P.L.*, 778 N.W.2d at 39-40. We may apply the exceptions in our discretion based on the circumstances of each case and the child's best interests. *See id.*

First, the mother maintains it was error to terminate her parental rights because the children were in the custody of their paternal aunt and uncle, citing Iowa Code section 232.116(3)(a). This is incorrect. Custody was placed with the DHS, not a relative. *See* Iowa Code § 232.116(3)(a); *see also A.M.*, 843 N.W.2d at 112, 113 (noting that although A.M. was in the care of her grandparents, she was not in their legal custody making section 232.116(3)(a) inapplicable). Consequently, section 232.116(3)(a) is inapplicable in the present case. *See id.*

Second, citing Iowa Code section 232.116(3)(c), the mother maintains it was error to terminate her parental rights because "there is a significant and strong bond between [the mother] and her children" and that children still refer to her as "mom" or "mommy." Under section 232.116(3)(c), the court need not terminate parental rights if the court finds "clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." For the reasons stated above, we concluded termination is in the children's best interests. For the same reasons, we conclude that terminating the mother's parental rights would be less detrimental to the children than the harm that would be caused by continuing the parent-child relationship. We decline to apply any exception to termination provided in section 232.116(3).

The children were adjudicated in need of assistance in September 2015, and the statutory time frames for reunification have passed. The mother did not take advantage of the additional time she was granted to work toward reunification. She admitted she took a year before she got serious about substance-abuse treatment. These children are in need of permanency, and they should not have to wait any longer in parentless limbo. We conclude a grant of additional time for the mother to work toward reunification is not justified under the circumstances. We agree with the juvenile court that the State proved by clear and convincing evidence the children could not be returned to her care at the time of the termination-of-parental-rights hearing, termination of her parental rights was proper under section 232.116(1)(f) and (h), and termination is in the

best interests of the children.  We decline to apply any exception under section 232.116(3).  Accordingly, we affirm.

**AFFIRMED.**