# IN THE COURT OF APPEALS OF IOWA

No. 16-1934
Filed February 22, 2017

**IN THE INTEREST OF M.C.,**
**Minor child,**

**M.C., Father,**
     Appellant.
_____

Appeal from the Iowa District Court for Polk County, Susan Cox, District Associate Judge.

A father appeals the termination of his parental rights to his child, M.C. **AFFIRMED.**

John C. Audlehelm of Audlehelm Law Office, Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Kristi A. Traynor, Assistant Attorney General, for appellee State.

Charles S. Fuson of Youth Law Center, Des Moines, guardian ad litem for minor child.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**DOYLE, Judge.**

A father appeals the termination of his parental rights to his child, M.C. He asserts termination of his parental rights is not in the best interests of the child and one of the statutory factors enumerated in section 232.116(3) (2016) should serve to preclude termination. We affirm the juvenile court's order.

We review termination-of-parental-rights proceedings de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). We examine both the facts and law, and we adjudicate anew those issues properly preserved and presented. *See In re L.G.*, 532 N.W.2d 478, 480 (Iowa Ct. App. 1995). We will uphold an order terminating parental rights only if there is clear and convincing evidence establishing the statutory grounds for termination of the parent's rights. *See In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). Evidence is "clear and convincing" when there is no serious or substantial doubt as to the correctness of the conclusions of law drawn from the evidence. *Id.*

Termination of parental rights under Iowa Code chapter 232 (2016) follows a three-step analysis. *See In re P.L.*, 778 N.W.2d 33, 40-41 (Iowa 2010). First, the court must determine if a ground authorizing the termination of parental rights under section 232.116(1) has been established. *See id.* at 40. Second, if a ground for termination is established, the court must apply the framework set forth in section 232.116(2) to decide if proceeding with termination is in the best interests of the child. S*ee id.* Third, if the statutory best-interests framework supports termination of parental rights, the court must consider if any statutory factors enumerated in section 232.116(3) should serve to preclude termination.

*See id.* at 41. The factors set forth in subsection three are permissive and not mandatory. *See A.M.*, 843 N.W.2d at 113.

After testing positive for methamphetamines, the child was removed from the parents in May 2015.[1] The child was then just a little over nine-months old. Both parents had extensive drug histories. The father began using methamphetamine when he was fifteen years old. He was twenty-eight at the time of the termination hearing. Other than a year-and-a-half period beginning when he was about twenty-three, the father used methamphetamine on a weekly basis. He also used marijuana. The last time the father saw the child was during a supervised visit in November 2015. At that time, he was on probation for a theft conviction. The father violated the terms of his probation, and an arrest warrant was issued. He was later arrested and jailed. At the time of the September 2016 termination hearing, he had been incarcerated at the Clarinda Correctional Facility for seven months. He testified at the hearing that his tentative discharge date was November 26, 2016. The father was disciplined for smoking marijuana in the prison.

The juvenile court terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(e) and (h) (2016). The father does not challenge the juvenile court's conclusions that the State proved by clear and convincing evidence the requisite statutory elements. Even if the father had mounted such a challenge, we would conclude the State met its burden. We therefore proceed to the father's best-interests and permissive-factor arguments.

---

[1] After the mother addressed her mental health, substance abuse, and relationship issues, and obtained an apartment, the juvenile court returned the child to the mother's custody, under Iowa Department of Human Services supervision.

In his best-interests argument on appeal, the father contends:

> It is not in the best interests to terminate the father's rights to M.C. at this time, because the reality is that he still has rights to his recently born [child]. As the court is aware, the father and the mother had another child . . . who is presently under this court's supervision in [another juvenile matter]. The father will soon be released from prison. In the event that his testimony regarding his intentions was truthful, he will re-engage with the [Iowa Department of Human Services] upon his release and avail himself of services so he can exercise his parental rights to [the other child]. It would be a bizarre and anomalous situation if the father were to behave as a decent, responsible parent as to [the other child], yet have no rights as to M.C. His intentions and his ability to follow through on them will each be made abundantly clear quite soon. Accordingly, termination is not warranted at this time.

The father claimed at the termination hearing that he had changed and that he was definitely not the person he was before coming to prison. Asked what changed since going to prison, the father responded,

> Just everything. I mean I see where my destructive lifestyle was. My patterns were determining the things I was doing. I was on a destructive path, and I wasn't going to be anywhere. But where I am, I'm kind of glad to come here and see where I am. I guess it's been a wake-up call.

Confronted with his statements made just two-and-a-half months before the hearing that prison was not going to teach him anything, the father responded, "People grow up. I just decided that it was time for me to grow up and be a dad, to be a parent instead of being a selfish individual." The juvenile court did not buy it, concluding,

> The Court directly rejects the father's termination trial testimony that he has changed in prison. While incarcerated, the father spent $60 for marijuana. After being caught by prison staff with the drug, he chose to laugh and think it was funny. The father blamed his criminality in prison on the staff. In tape recorded phone conversations, he repeatedly stated he has not changed in prison. Unfortunately, the Court believes this is true. Prison would have been a good opportunity for the father to reflect, make meaningful

changes and focus on M.C. Instead, the father has continued in criminal thinking and criminal choices.

Our de novo review of the record leads us to the same conclusion.

As to the child's best interests, the juvenile court concluded:

The Court has considered M.C. is placed with his mother. The Court has further considered the father's argument that M.C. has a much younger sibling. The father still has parental rights to the younger sibling. These considerations do not preclude the need for termination and termination being in M.C's best interest. M.C. deserves permanency. The father has never provided this child with any type of permanency. Unfortunately, he has remained focused on himself and his criminality—instead of focusing on two-year-old M.C. The baby has not seen the father in ten months. The father remains incarcerated and has not started to make meaningful changes. He is completely unprepared and unavailable to parent M.C. The Court hopes he truly takes advantage of all treatment and life changing opportunities in the future.

Again, on our de novo review of the record, we agree with the juvenile court. And we note, even if the father might be able to parent M.C.'s sibling, he has not shown the ability to safely care for M.C. Further, the siblings remain in the care of their mother, and their sibling relationship will not be impacted by the father's termination of parental rights.

Termination of the father's parental rights is in the child's best interest. In making this determination, we "give primary consideration to the child's safety, to the best placement for furthering the long term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2).

The father also argues one of the permissive factors in section 232.116(3) serves to preclude termination of his parental rights. Specifically, he asserts 232.116(3)(e) applies. That permissive factor states the court need not terminate

the parent-child relationship if it finds "[t]he absence of a parent is due to the parent's admission or commitment to any institution, hospital, or health facility or due to active service in the state or federal armed forces." Iowa Code § 232.116(3)(e). The father's argument is without merit because the word "institution" in section 232.116(3)(e) was not intended to include penal institutions or correctional facilities. *See In re J.V.*, 464 N.W.2d 887, 890 (Iowa Ct. App. 1990), *overruled on other grounds by In re P.L.*, 778 N.W.2d at 39-40.

We affirm the juvenile court's order terminating the father's parental rights to his child M.C.

**AFFIRMED.**