# IN THE COURT OF APPEALS OF IOWA

No. 17-1007
Filed September 13, 2017

**IN THE INTEREST OF Z.E., R.E., S.E., K.E., L.E., and D.H.,**
**Minor Children,**

**STATE OF IOWA,**
　　Appellant.

_____

　　Appeal from the Iowa District Court for Story County, Stephen A. Owen, District Associate Judge.

　　The State appeals from a district court order dismissing six children-in-need-of-assistance petitions. **AFFIRMED**.

　　Thomas J. Miller, Attorney General, and Gretchen W. Kraemer, Assistant Attorney General, for appellant State.

　　Patrick C. Peters of Payer, Hunziker, Rhodes & Peters, L.L.P., Ames, for appellee mother.

　　Mark Olberding of Olberding Law Office, Nevada, for appellee father of Z.E., R.E., S.E., K.E., and L.E.

　　Katie L. Madson of Terrill, Richardson, Hostetter & Madson, Ames, for appellee father of D.H.

　　Shannon M. Leighty of the Public Defender's Office, Nevada, for minor children.

　　Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, Judge.**

The State filed a child-in-need-of-assistance (CINA) petition for each of seven children who live in the same household. The district court adjudicated one child CINA and dismissed the remaining six petitions. The State has appealed the dismissals.

The youngest child of this family sustained skull fractures when less than two weeks old. The court adjudicated this child CINA in these proceedings. Based on that injury, evidence the parents were not forthcoming about how those injuries were sustained, and a history of prior assessments and concerns with the children and parental supervision, the State argues we should reverse the district court's dismissal of the petitions involving the other six children and find them CINA pursuant to Iowa Code section 232.2(6)(b) and (c)(2) (2016). The State also complains about the parents' invocation of their Fifth Amendment rights against self-incrimination as to the youngest child and the court's resulting limitation of witness examination.

We review CINA cases de novo. *In re L.G.*, 532 N.W.2d 478, 480 (Iowa Ct. App. 1995). Although we are not bound by the findings by the district court, we give weight to them, especially those involving the credibility of witnesses. *Id.* at 480–81.

On our review of the record and the district court's thorough ruling, we agree the State failed to prove by clear and convincing evidence that any other child has recently suffered or is imminently likely to suffer harmful effects as a result of the parents' failure to exercise a reasonable degree of care in supervising them. *See* Iowa Code § 232.2(6)(c)(2). We also agree the State

failed to prove by clear and convincing evidence that any parent, guardian, or other member of the household of the remaining six children has physically abused or neglected the children or is imminently likely to abuse or neglect them. *See id.* § 232.2(6)(b).

The State complains the parents exercised their rights against self-incrimination as to the youngest child and complains it was not even permitted to ask questions unrelated to the skull fractures. In fact, the State was permitted to examine the mother on matters not related to the injuries to the youngest child, the State presented evidence concerning the injuries to the youngest child from sources other than the parents, and the State was successful in getting its CINA petition approved as to the youngest child. The State has failed to show how it was prejudiced.

We affirm pursuant to Iowa Court Rule 21.26(1)(d) and (e).

**AFFIRMED.**