**IN THE COURT OF APPEALS OF IOWA**

No. 18-1958
Filed January 9, 2019

**IN THE INTEREST OF C.T., R.T., and C.T.,**
**Minor Children,**

**R.T., Father,**
        Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Susan F. Flaherty, Associate Juvenile Judge.


        A father appeals a juvenile court order terminating his parental rights to three children.  **AFFIRMED.**


        David R. Fiester, Cedar Rapids, for appellant father.

        Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

        Julie Trachta of Linn County Advocate, Inc., Cedar Rapids, guardian ad litem for minor children.


        Considered by Tabor, P.J., and Mullins and Bower, JJ.

**TABOR, Presiding Judge.**

Methamphetamine use and domestic violence in the home prompted the Iowa Department of Human Services (DHS) to intervene with this family. The juvenile court approved removal of the three children—Co.T., R.T., and Ca.T.—from their parents' care in June 2017. More than one year later, the court terminated parental rights. On appeal, the father, Randy, argues the State failed to offer clear and convincing evidence the children could not be returned to his custody at the present time.[1] *See* Iowa Code § 232.116(1)(f), (h) (2018). In the alternative, he asks for more time to complete the DHS case plan expectations. He also urges termination is not in the children's best interests. And, because they are in the care of their maternal grandmother, Randy believes the children would not suffer harm if we delay permanency.

After reviewing the record, our conclusions match those of the juvenile court.[2] Despite Randy's recent progress in drug treatment, sufficient evidence supported the statutory grounds for termination. Like the district court, we do not see Iowa Code subsections 232.116(2) or (3) as barriers to termination. Nor do we believe an additional six months would eliminate the need for removal. *See* Iowa Code § 232.104(2)(b). Accordingly, we affirm the termination order.

---

[1] The order also severed the parental rights of the children's mother, April, who voluntarily consented to termination and does not appeal.

[2] We review termination proceedings de novo, examining both the facts and law and adjudicating anew those issues properly preserved and presented. *In re L.G.*, 532 N.W.2d 478, 480 (Iowa Ct. App. 1995). We are not bound by the juvenile court's factual findings but give them weight, especially when witness credibility is involved. *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). As the petitioning party, the State must offer clear and convincing proof, which means we have no "serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010) (quoting *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000)).

## I.    Facts and Prior Proceedings

Randy and April have three children: Co.T., born in 2008; R.T., born in 2013; and Ca.T., born in 2015.  A child-abuse assessment in June 2017 recommended removal of the children based on the parents' abuse of methamphetamine and several incidents where the parents engaged in violence against one another. Since the court approved removal, the children have been in the care of their maternal grandmother.  The parents stipulated the children were in need of assistance (CINA) in July 2017.

Randy continued to use methamphetamine "on and off" for the next year.[3] In March 2018, the police arrested Randy for possession of methamphetamine.[4] In April 2018, during a supervised visit at Randy's home, the youngest child, Ca.T., found a glass pipe with burnt resident behind the couch and put it in her mouth.[5] That same month, Randy received a diagnosis of severe methamphetamine use disorder.  He began residential substance-abuse treatment in mid-June 2018 and completed the program in early July, though he left a few days early to attend court hearings.  He did not undertake ongoing outpatient treatment as recommended. He testified he was attending Narcotics Anonymous meetings.  At the time of the termination hearing, Randy had logged only about six weeks of sobriety.

In addition to his substance-abuse struggles, Randy continued his "toxic" relationship with April throughout the CINA case.  In April 2018, Randy hit her in the face, splitting her lip.  The continuing violence increased the frustration ten-

---

[3] Randy had a history of methamphetamine abuse dating back to his teen years.  He testified to being sober for five years but then relapsing in 2016.
[4] He pleaded guilty to that charge in July 2018.
[5] After this incident, the DHS moved the visits to locations in the community.

year-old Co.T. felt toward his parents. By the time of the termination hearing, Randy hadn't yet started domestic abuse prevention classes. And social workers were not convinced Randy could end the unhealthy pattern of abuse toward April.

During most of the CINA case, Randy was inconsistent in his visits with the children, missing an average of two scheduled sessions per month. In the month before the hearing, Randy became more reliable, according to social workers. Overall, his visits went well. Randy was "interactive" with the children, though he had some difficulty handling all three children in public places. The oldest, Co.T., grew reluctant to attend the visits because of his increasing anger toward his parents. The guardian ad litem (GAL) reported, "From [Co.T.'s] perspective he should not have to interrupt his life to attend visits if his parents are not doing their part to work hard to have them return home."

The State petitioned to terminate parental rights in May 2018. The juvenile court held a hearing in late July and issued its termination order in October. Randy filed a timely petition on appeal.

## II.     Analysis

### A.  Statutory Grounds

In terminating parental rights under Iowa Code section 232.116(1), the juvenile court relied on paragraph (f) as to the older children and paragraph (h) as to the youngest child.[6] Randy challenges the shared fourth element of both

---

[6] Under paragraph (f), the State must prove:
     (1) The child is four years of age or older.
     (2) The child has been adjudicated a [CINA] pursuant to section 232.96.
     (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last

paragraphs, claiming he was ready to resume care of the children. *See D.W.*, 791 N.W.2d at 707 (interpreting "present time" to mean the date of the termination hearing). He recognizes he needed help with his substance abuse and points to his recent success with treatment.

Like the juvenile court, we commend Randy for starting to work toward long-term sobriety. But we likewise share the juvenile court's caveat that "the evidence does not support the conclusion that Randy's personal struggles are behind him, either now or in the reasonably near future." His efforts to accept parental responsibility are of recent origin. The evidence demonstrated he had not taken sufficient steps to be a safe and stable parent. He had not started outpatient substance-abuse treatment. He was living with his mother and did not have access to his home—he had rented it to a friend with her own substance abuse history and testified he did not feel he could ask the friend to leave. And he had not addressed his history of domestic violence toward April. Clear and convincing evidence supported termination of Randy's parental rights under paragraphs (f)

---

twelve consecutive months and any trial period at home has been less than thirty days.
(4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.
Iowa Code § 232.116(1)(f). Under paragraph (h), the State must prove:
(1) The child is three years of age or younger.
(2) The child has been adjudicated a [CINA] pursuant to section 232.96.
(3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
(4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.
Iowa Code § 232.116(1)(h).

and (h). *See id.* at 707–08 (noting parent's "marginal improvements after services were received" did not overcome time frame for termination under statute).

### B. Best Interests and Closeness of Relationship

Randy next argues termination was not in the children's best interests because of their close relationship with him. In determining best interests, we give primary consideration to the children's safety, to the best placement for furthering their long-term nurturing and growth, and to their physical, mental, and emotional condition and needs. Iowa Code § 232.116(2); s*ee In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (rejecting use of an unstructured best-interests test). The juvenile court may refrain from terminating parental rights if clear and convincing evidence shows severing the ties would be detrimental to the children due to their close relationship with the parent. Iowa Code § 232.116(3)(c).

The record supports Randy's assertion he has a strong bond with the children, though Co.T. harbored a mounting frustration with his parents' lack of progress. But the record does not indicate termination will be detrimental to the children's long-term best interests. The children have developed a "good routine" at their grandmother's house, and she is interested in being a long-term placement option. Moving the children toward a permanent home is in their best interests.

### C. Request to Delay Permanency

Randy argues the juvenile court should have given more weight to his recent progress when contemplating his request for more time to work toward reunification. He contends, "As the children were in the care of their maternal grandmother, they would suffer no harm if Randy were granted more time."

The juvenile court may delay permanency if it determines the need for removal of the children from their home will no longer exist at the end of the additional six-month period. Iowa Code § 232.104(2)(b). But "[a] parent does not have an unlimited amount of time in which to correct his or her deficiencies." *In re H.L.B.R.*, 567 N.W.2d 675, 677 (Iowa Ct. App. 1997). After statutory timelines have run, the children's best interests are promoted by termination. *In re L.M.F.*, 490 N.W.2d 66, 68 (Iowa 1992). Children cannot wait indefinitely for stable parents. *D.W.*, 791 N.W.2d at 707. Randy is mistaken in contending the children will not be hurt by waiting for him to regain his stability. The GAL reported the lack of progress toward reunification was taking a toll on the children, especially Co.T. Postponing permanency is not warranted on this record.

**AFFIRMED.**