# IN THE COURT OF APPEALS OF IOWA

No. 18-1693
Filed January 23, 2019

**IN THE INTEREST OF A.A., D.A., and N.A.,**
**Minor Children,**

**C.C., Mother,**
Appellant.

_____

Appeal from the Iowa District Court for Polk County, Romonda D. Belcher, District Associate Judge.

A mother appeals the juvenile court order terminating her parental rights to three children. **AFFIRMED.**

Amy K. Davis, Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

Kayla Stratton of Juvenile Public Defender's Office, Des Moines, guardian ad litem for minor children.

Considered by Tabor, P.J., and Mullins and Bower, JJ.

**TABOR, Presiding Judge.**

Opioid addiction has ravished this family. Three children—A.A., D.A., and N.A.—lost their father, Dustin, to a heroin overdose in October 2017. Their mother, Courtnie, started using Vicodin ten years ago and switched to illegal opioids when her prescription expired. Courtnie continued to inject heroin after Dustin's death. In September 2018, the juvenile court terminated Courtnie's parental rights to the three children. She challenges the court's ruling, arguing termination was not in the children's best interests and asking for an additional six months to reunify.[1]

"[A]n unresolved, severe, and chronic drug addiction can render a parent unfit to raise children." *In re A.B.*, 815 N.W.2d 764, 776 (Iowa 2012). Unfortunately, this proposition is true for Courtnie. Courtnie was incarcerated at the time of the termination hearing, the children had been out of her care for more than one year, and she had not been able to stop using drugs outside the structured prison setting. Like the juvenile court, we conclude delaying permanency is not in the children's best interests.

Courtnie's drug abuse prompted the Iowa Department of Human Services (DHS) to remove the children—then ages seven, three, and one—in July 2017. The juvenile court adjudicated them as children in need of assistance (CINA) in September 2017. Also that fall, Courtnie completed substance-abuse and mental-

---

[1] We review Courtnie's appeal de novo, which means we examine both the facts and law and adjudicate anew those issues properly preserved and presented. *See In re L.G.*, 532 N.W.2d 478, 480 (Iowa Ct. App. 1995). We are not bound by the juvenile court's factual findings but give them weight, especially as to witness credibility. *See In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). As the petitioning party, the State must offer clear and convincing proof, which means we have no "serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010) (quoting *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000)).

health assessments. She received diagnoses of a severe opioid abuse disorder and severe panic disorder.[2] Evaluators recommended extended outpatient treatment, but Courtnie did not complete a treatment program. Likewise, she did not consistently attend visitation with the children.

Dustin's death further shook the family. Courtnie testified telling her children "their dad had passed away" was "probably one of the hardest moments" she ever faced as a parent. Courtnie acknowledged, "[A]fter losing Dustin, my mental state wasn't great at all." As evidence of that, she tested positive for illegal substances in November and December 2017. And House of Mercy staff asked her to leave when she admitted to using heroin at the treatment center.

In April 2018, Courtnie started serving a prison sentence on an aggravated-misdemeanor theft conviction. The State filed its petition to terminate parental rights in July 2018. Courtnie was residing at the Iowa Correctional Institution for Women in Mitchellville and participated in the August hearing by telephone. She testified she had not received substance-abuse treatment at Mitchellville because of her relatively short sentence but had been participating in Alcoholics Anonymous and Narcotics Anonymous. In September, the juvenile court issued its order terminating parental rights, relying on Iowa Code subsections 232.116(1)(e), (f), (h) and (*l*) (2018).

On appeal, Courtnie does not contest the statutory grounds for termination. Instead, she argues severing the parental relationship was not in the children's best interests. *See* Iowa Code § 232.116(2) (framing best interests as foremost

---

[2] Courtnie testified she also struggles with depression, anxiety, and post-traumatic stress disorder.

the children's safety and their best placement for furthering long-term nurturing and growth, as well as attending to their physical, mental, and emotional conditions and needs); *see also In re P.L.,* 778 N.W.2d 33, 39 (Iowa 2010). She emphasizes the juvenile court may refrain from terminating parental rights when clear and convincing evidence shows termination would be detrimental to the children due to the closeness of the parent-child relationship. *See* Iowa Code § 232.116(3)(c). And she asks for a six-month extension.[3]

The factors in section 232.116(3) allow the court to avoid terminating parental rights, but they "are permissive, not mandatory." *In re A.S.*, 906 N.W.2d 467, 475 (Iowa 2018). In analyzing paragraph (c), "our consideration must center on whether the child[ren] will be disadvantaged by termination, and whether the disadvantage overcomes [the parent's] inability to provide for [their] developing needs." *D.W.,* 791 N.W.2d at 709.

Here, the juvenile court opined, "Any bond with mother has been diminished due to the lack of consistent contact with the children." The DHS worker testified Courtnie was "close with her children" but even taking their bond into consideration, the worker believed termination was the best option to secure a permanent, stable placement for the children. The children's guardian ad litem (GAL) agreed, explaining

> The mother has had a very long period of opioid dependence, both legal and illegal, well over a decade. And I think by her own testimony, she'll have a long road once she gets out of prison, both

---

[3] To defer permanency, a court is required to "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b).

moving through the grieving process and her mental health issues as well as addressing her substance abuse issues. Six months is a pretty small chunk of time in relation to the amount of time that [Courtnie] has struggled with these issues. And it would, I guess, be optimistic to say that in six months she would be able to care for herself and not realistic to say in six months she could care for herself and her children and provide that safe and stable environment that these children so sorely need.

The GAL noted the children were all together and doing well in the care of their paternal aunt. The GAL worried extending Courtnie's time to engage in services after her release from prison would pose "a considerable risk to that stability." We find it significant when the professionals involved with a family recommend termination. *See In re A.M.*, 843 N.W.2d 100, 111 (Iowa 2014). After our de novo review, we defer to their firsthand knowledge and expertise in this case. We do not find clear and convincing evidence the closeness of Courtnie's relationship with the children should preclude termination of her parental rights. And we do not find delaying permanency for six months would serve the children's best interests.

**AFFIRMED.**