**IN THE COURT OF APPEALS OF IOWA**

No. 19-1671
Filed November 27, 2019

**IN THE INTEREST OF L.B.,**
**Minor Child,**

**K.B., Father,**
　　Appellant.
_____

　　Appeal from the Iowa District Court for Pottawattamie County, Eric J.
Nelson, District Associate Judge.


　　A father appeals the adjudication of his daughter as a child in need of
assistance. **AFFIRMED IN PART AND REVERSED IN PART.**


　　Amanda Heims, Council Bluffs, for appellant father.

　　Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney
General, for appellee State.

　　Roberta J. Megel, Council Bluffs, guardian ad litem for minor child.


　　Considered by Mullins, P.J., May, J., and Blane, S.J.*

　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**BLANE, Senior Judge.**

A father, Kevin, appeals the adjudication of his daughter, L.B., as a child in need of assistance (CINA). He contends the State did not prove the adjudicatory grounds by clear and convincing evidence. Finding the adjudication is supported under paragraph (c)(2) of Iowa Code section 232.2(6) (2019), we affirm as to that ground.

**I. Facts and prior proceedings.**

Kevin and his wife, Kathryn, live with their three-year-old daughter, L.B., and Kathryn's eleven-year-old son, J.H. In spring 2019, the family came to the attention of the Iowa Department of Human Services (DHS) following an incident of domestic violence. A child protective worker (CPW) spoke with J.H. about the incident. J.H. explained L.B. and her father Kevin had gone out to get food. Kathryn told J.H. not to unlock the door for Kevin when he returned. When Kevin was denied entry he "slammed" into the door and broke it down. Kathryn then tried to call 9-1-1, but Kevin grabbed her phone and threw it on the ground, breaking it. Kevin and Kathryn began to argue and went to the porch. L.B. and J.H. looked on through a window, but J.H. eventually went outside onto the front porch. They watched Kevin and Kathryn argue on the porch until Kathryn punched Kevin in the arm. Kevin then grabbed Kathryn by the throat, dragged her to the edge of the porch, and tried to "push her over a railing" or "tried to push her off the deck." J.H. stated his sister was crying and screaming at Kevin to stop. A neighbor called 9-1-1, and police officers responded. Kevin told the officers Kathryn threw her phone at him and he did not touch her. Officers did not detect any physical marks on either Kevin or Kathryn, but they arrested Kevin.

J.H. also told the CPW Kevin and Kathryn normally just go to their room and talk when they disagree. But Kevin also calls Kathryn vulgar names in front of the children. Kevin typically drinks one alcoholic drink at a time and acts normally when he does. But Kathryn drinks more heavily. J.H.'s father reported Kathryn sometimes drives intoxicated with the children. Kevin reported a personal history of alcohol and opiate addiction but denied any current misuse. He also admitted to punching holes in the walls of their home in anger.

The DHS founded a child-abuse report against Kevin for failure to provide proper supervision. Kevin faced criminal charges for the domestic abuse, and the district court imposed a no-contact order between him and Kathryn and the children. But Kathryn asked the court to drop the no-contact order, and eventually the State dismissed the criminal charges. Kevin reports to DHS that his behaviors have not impacted the children at all and refuses to participate in the offered domestic-abuse program. Kathryn reported she was not a victim of domestic violence and also has not enrolled in a domestic-violence victim's class.

The juvenile court adjudicated both children as CINA under Iowa Code section 232.2(6)(c)(2) and (n). Only Kevin appeals.

**II. Standard of review.**

We review CINA proceedings de novo. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014). We are not bound by the juvenile court's findings of fact, but we give them weight. *Id.* The State must prove the grounds supporting the CINA adjudication with clear and convincing evidence. Iowa Code § 232.96(2).

**III. Discussion.**

Kevin contends the juvenile court erred in adjudicating L.B. as a CINA pursuant to Iowa Code section 232.2(6)(c)(2) and (n). Adjudication under paragraph (c)(2) requires a showing the child "has suffered or is imminently likely to suffer harmful effects as a result of . . . [t]he failure of the child's parent, guardian, custodian, or other member of the household in which the child resides to exercise a reasonable degree of care in supervising the child." *Id.* § 232.2(6)(c)(2). Harmful effects can encompass "physical, mental, or social well-being." *J.S.*, 846 N.W.2d at 42. And adjudication under paragraph (n) requires showing the "parent's . . . mental capacity or condition, imprisonment, or drug or alcohol abuse results in the child not receiving adequate care." Iowa Code § 232.2(6)(n).

The evidence shows the children have seen Kevin act violently toward their mother without considering the degree of care necessary to supervise them though they were present at the time, including three-year-old L.B. She watched as Kevin angrily broke down the door of their home. When Kathryn tried to call 9-1-1, Kevin grabbed the phone from her hand and threw it on the ground. L.B. watched Kevin grab Kathryn by the throat and bend her over the edge of their deck. L.B. cried and screamed for Kevin to stop. The parents placed L.B. and J.H. in the way of mental or psychological harm by modelling violent behavior. And J.H. was at risk of physical harm because he went out on the porch while they were fighting.

The statutory grounds for adjudication are designed to be preventative: we "do not require delay until after harm has occurred." *J.S.,* 846 N.W.2d at 42 (quoting *In re L.L.,* 459 N.W.2d 489, 494 (Iowa 1990)). The parents have not

engaged in any domestic violence education, yet Kathryn intends to resume her relationship with Kevin. Kevin denies his actions have harmed the children, and Kathryn denies she is a victim of domestic violence. Under these circumstances, the evidence is clear and convincing that L.B. is imminently likely to suffer additional harm through the parents' inattention and unwillingness to address the issues. The juvenile court found "without services provided to cure the domestic violence issue, the children are imminently likely to be involved in and witness similar domestic abuse incidents." We agree and affirm adjudication under paragraph (c)(2).

Although we affirm under paragraph (c)(2), we note most of the evidence supporting adjudication under paragraph (n) pertained to Kathryn. The State presented no evidence that Kevin was intoxicated during the domestic-violence incident or that he has a history of substance abuse that impacted the children. We do not comment on whether a single incident of drug- or alcohol-fueled abuse is enough to show "the child [is] not receiving adequate care." See Iowa Code § 232.2(6)(n). But we conclude the evidence is not clear and convincing that this particular incident was fueled by Kevin's use of drugs or alcohol. Therefore, the State has not proved L.B. is a CINA pursuant to section 232.2(6)(n). We affirm adjudication of L.B. as a CINA under only paragraph (c)(2). *See J.S.*, 846 N.W.2d at 40 ("The grounds for a CINA adjudication do matter."); *In re L.G.*, 532 N.W.2d 478, 480 (Iowa Ct. App. 1995) ("The underlying grounds of adjudication in a child in need of assistance case have important legal implications beyond the adjudication.").

**AFFIRMED IN PART AND REVERSED IN PART.**